## BRIGES *v.* SPERRY.

1. Where the record shows that a suit brought in a State court was, on the petition of the defendant, and by reason of the character of the parties, duly removed to the proper Circuit Court of the United States, the jurisdiction of the latter court is not lost for want of an averment of citizenship in the bill of complaint originally filed, or in the amendments thereto, which were made in the Circuit Court.

2. The bill in this case prayed for a dissolution of the partnership between the parties, and a sale of certain lands by them held as tenants in common, which, it was alleged, were not susceptible of division without prejudice to them. There was no demurrer to the bill, nor did the answer raise any objection to the jurisdiction. *Held,* 1. That, as the allegations of the bill touching the lands conform to the provision of the Code of California, and are sustained by the proofs, the decree below awarding partition was proper. 2. That, if there is any thing in the allegations which concern the partnership, which introduces another matter, the objection should have been taken by demurrer for multifariousness.

APPEAL from the Circuit Court of the United States for the District of California.

This action was commenced by the complainant, who is a citizen of California, in the District Court of the Fifth Judicial District for the county of San Joaquin in that State; but, upon the petition of the defendants, who are citizens of France, the cause was removed to the Circuit Court of the United States for the District of California. After such removal, the complainant filed an amended bill, wherein he charged that, about July, 1874, he and the defendants entered into a copartnership for carrying on a hotel business on the land known as the Calaveras Big Trees, which consisted of two tracts, one

containing about eight hundred, and the other about seven hundred and twenty acres; that the hotel was on one of the tracts; that at the time of the formation of the partnership, and during its continuance, he and the defendants owned the land as tenants in common, he having one undivided half, one of the defendants three-eighths, and the other one-eighth thereof; that it was agreed to use, as capital stock in said business, said land, hotel, &c.; that he was to have the sole and exclusive management of the business; that he performed his agreement, but that the defendants so conducted themselves in and about the management of the business as to cause great loss to him, and lessen the value of said land and hotel. He further alleged that the situation of the land and its connection with the hotel were such that it could not be divided without great prejudice to the owners.

The bill did not allege that the partnership was for any specified time, or that there were debts, profits, or claims to adjust or accounts to settle. It prayed for the appointment of a receiver, the dissolution of the partnership, the winding-up of its affairs, and a sale of the property.

The answer admitted the partnership, and the ownership of the land as charged, but denied that the complainant was to have exclusive management of the business; and that he performed his agreement. It also denied that they in any way misconducted themselves, and that the land could not be divided without prejudice.

The land in question is that upon which grow the mammoth trees of California. It consists of two different tracts, about six miles apart. One, called the "Calaveras Big Tree Grove," is also known as the "Mammoth Grove," and the other as the "South Park Grove." The hotel is on the former tract; and the neighborhood is resorted to for the purpose of seeing the trees, and enjoying the climate and the hunting and fishing.

The evidence chiefly related to the situation and character of the property and the purposes for which it could be used, and to the question as to whether the place would support two hotels.

Upon the hearing, the court decreed the dissolution of the partnership, the sale of the property, and the division of

the proceeds between the parties, in proportion to their respective interests.

The defendants thereupon appealed to this court, and assign for error, —

1. That the bill shows no equity, and should be dismissed.

2. That the sale of the real property should not have been ordered, because it was not partnership property, and, as there were no debts to pay or claims to adjust, no useful purpose could be subserved by a sale.

3. That the amended bill filed in the Circuit Court did not show jurisdiction in that court.

*Mr. Edward J. Pringle* and *Mr. Edmond L. Goold* for the appellants.

*Mr. Milton Andros,* contra.

MR. JUSTICE MILLER delivered the opinion of the court.

The appellee, Sperry, brought suit in the State court for the county of San Joaquin against the appellants, who duly appeared and caused the suit to be removed into the Circuit Court of the United States for the District of California. In that court Sperry filed an amended or new complaint.

One of the errors alleged as grounds for reversing the decree in favor of Sperry is, that this amended bill shows no jurisdiction in the Circuit Court. If nothing else be looked at but the bill, there is no jurisdiction shown. But the proceedings in the State court, which are properly here as part of the record of the case, show that it was removed from the State court to the Federal court, on account of the citizenship of the parties; and this of itself must have given jurisdiction to the United States Court before the amended bill was filed. That jurisdiction is not lost, because the facts on which it arose are not set out in the old or the new complaint. *Railway Company* v. *Ramsey*, 22 Wall. 322.

The appellants treat the bill as one for a dissolution of a partnership, a settlement of the partnership affairs, a sale of the partnership property, and a distribution of its proceeds. They, therefore, insist that the decree of the court ordering a sale of real estate of the estimated value of $40,000, which the parties held as tenants in common, and which, they insist,

was not partnership property, was erroneous, and should be reversed. On the other side, it is said that the real estate was partnership property, and by the rules of chancery practice ought to be sold on a decree for the dissolution of the partnership, and the proceeds divided, as in case of personalty; and it is argued further, that, if they are mistaken in this view of the matter, the complaint may be treated as a bill for partition; and that as a partition *in specie* could not be made without loss or injury to the value of the property, it was rightfully decreed to be sold and the money divided.

As we are clearly of opinion that the decree of the Circuit Court can be sustained on this latter view, we need not inquire whether, under all the circumstances, the real estate was subject to the rules which in equity govern that kind of property when it is bought and used for partnership purposes.

Supposing a bill to wind up a partnership and a bill to partition real estate to be so distinct in character that a court must hold it to be one or the other, we think the complaint before us has all the necessary elements of the latter, and is as much entitled to be called a suit for partition as for the dissolution and winding up of a partnership.

It begins by describing the real estate, and declaring that plaintiff and defendants are now, and have been, tenants in common of the lands since the month of July, 1874. It then alleges the plaintiff to be the owner of an undivided half, the defendant, the Marquis de Briges, of three-eighths, and the Marquise de Briges, the other defendant, who, it seems, is his mother, of one-eighth. It shows that the land consists of two separate parcels, which, by the congressional subdivisions or which they consist, must be five or six miles apart, and that one of them is a large tract, used as a summer resort for visitors, and that the whole property is of the value of about $40,000. It is also alleged, that, by reason of the connection of the hotel with the lands, — the latter constituting the Big Tree Groves of Calaveras, — a partition cannot be had without seriously impairing the value of the property. Amongst other relief prayed for is a sale of this property, and a distribution of the proceeds amongst the owners. Here seems to be every thing requisite for a suit in partition.

There is, however, in addition to this, an allegation that the parties had been engaged in keeping this hotel in partnership, and that a difference had arisen by the fault of the defendants, which made a dissolution of that partnership necessary, and this dissolution is prayed for, and a settlement of the accounts; and another prayer of the bill is for a sale of the partnership property, and proper distribution.

The bill is inartificially drawn as a bill in chancery, but is after the model of the Code of Procedure of California, which justifies such a complaint in the courts of that State.

The stating part of it is accordingly divided into seven paragraphs, and they are so numbered. If we are at liberty to disregard the fifth and sixth paragraphs, which alone set out the partnership and the grounds of dissolution, we have no difficulty in finding a bill for partition, with prayer for a sale as a mode of partition, because it would be an injury to the interest of the owners to divide it up.

As there was no demurrer to the bill, as the answer sets up no objection to the jurisdiction, but denies that there is any thing in the condition of the land to forbid actual partition, we see no reason why the bill may not be treated as sufficient for a partition suit. If there is any thing in the allegations which concern the partnership, which introduces another matter, the objection should have been taken by demurrer for multifariousness. It is not fatal to the bill on appeal.

The only question contested in the case on the evidence was, whether the land could be partitioned in kind without serious detriment to the owners,

We are of opinion that the Circuit Court held properly that it could not.

It consisted of about two thousand acres in two distinct parcels, of unequal value, five or six miles apart. These two parcels included all the now well-known big trees of Calaveras, except a few of that species too small to excite admiration or attract attention.

These trees are ranked among the curiosities of the world, and justly so. One of them, as the evidence shows, was twenty-five feet in diameter when it was cut down, and took five men twenty-two days to cut it down. Others still standing are thirty

feet in diameter. The place is visited by people from all parts of the world to see these trees, and the hotel did a profitable business for this reason. It is apparent that the joint ownership of this property must make it far more valuable than it would be if split up into small pieces held by persons who would become rivals for the profits arising from visitors. Such, also, is the weight of the testimony on that subject. It is argued that the two groves, being five miles apart, a division with owelty to make it equal might have been made into two parts. But these would still have been rival and conflicting interests, each injuring the other.

Again, the inequality of the shares into which the property must have been divided was a serious difficulty in the way of actual partition. The three shares must have been an eighth, three-eighths, and a half. And though this might have been overcome by an offer of the mother and son to take their two shares as one, no such offer was made, and the court had no power to compel them to do so.

The owner of the one-eighth, if it had a pleasant site for a hotel, would have been as well off, in regard to the most valuable use of the property, as the owner of the one-half, unless the latter had adopted means for excluding the guests of the former, which is, at least, of doubtful practicability, unless at enormous expense.

Sect. 763 of the Code of Civil Procedure of California, c. 4, tit. 10, concerning partition of real property, enacts: "If it be alleged in the complaint and established by evidence, or if it appear by the evidence without such allegation in the complaint, to the satisfaction of the court, that partition cannot be made without great prejudice to the owners, the court may order a sale thereof." Sect. 752 embodies the same principle.

The complainant in this case makes the necessary allegation, and we think it is sustained by the proof.

*Decree affirmed.*