## LE GRAND RAMSEY *vs.* EDWIN D. HUMPHREY.

Berkshire.    September 12, 1894. — November 28, 1894.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Partition — Statute — Report of Commissioners — Order for Sale of Land.*

Under Pub. Sts. c. 178, § 65, providing that " In any case of partition the court may, at the time of appointing commissioners, or subsequently by agreement of parties or after such notice to all persons interested as may be required, order the commissioners to make sale and conveyance of the whole or any part of the lands that cannot be advantageously divided, upon such terms and conditions and with such securities for the proceeds of such sale as the court may direct, and to distribute and pay over the proceeds of the sale in such manner as to make the partition just and equal," a sale may be ordered by the court after the commissioners have made their report.

Upon an appeal from a decree of the Probate Court, on a petition for partition of land held by tenants in common, ordering a sale of the land after the commissioners had made their report, it appeared that the parties were in dispute in regard to the value of the property ; that the report of the commissioners setting it off to one of the parties at an appraisal was agreed to by only a majority of the board ; and that the principal fact in controversy before the court was one which rested largely upon the opinion of witnesses. *Held*, that the report of the commissioners should be set aside, and the decree for a sale affirmed.

APPEAL from a decree of the Probate Court, upon a petition for partition of land in Great Barrington held by tenants in common, ordering a sale of the land. Hearing before *Barker*, J., who reported the case for the determination of the full court. The facts appear in the opinion.

*H. C. Joyner*, for the petitioner.

*A. J. Waterman*, for the respondent.

KNOWLTON, J. By Pub. Sts. c. 178, § 65, " In any case of partition the court may, at the time of appointing commissioners, or subsequently by agreement of parties or after such notice to all persons interested as may be required, order the commissioners to make sale and conveyance of the whole or any part of the lands that cannot be advantageously divided, upon such terms and conditions, and with such securities for the proceeds of such sale as the court may direct, and to distribute and pay over the proceeds of the sale in such manner as to make the partition just and equal." This is a general provision applicable to all the courts which have jurisdiction to make partition of lands. The principal question in this case is what construction shall be given to it.

Prior to 1870, on an application for partition of lands there was no power to order a sale. Under St. 1870, c. 257, if commissioners to make partition became satisfied that a partition could not be made without great injury, they were to report the same to the court, and the court, after due proceedings, might order a sale to be made by a trustee. This statute was repealed by St. 1871, c. 111, which contained the provisions now incorporated into Pub. Sts. c. 178, § 65. By force of these provisions, the court, subsequently to the time of appointing commissioners, and after such notice to all persons interested as may be required, may order the commissioners to make a sale. The language of the statute is broad enough to authorize the court to pass such an order after the commissioners have made their report as well as before, and we see no reason for giving it a narrow or restricted meaning. Under an ordinary warrant to make partition the commissioners can only divide the estate in equal shares, or if it is incapable of division, or if it cannot be divided without damage to the owners, set off the whole or a part greater than either party's share to any one of the parties who will accept it, he paying to one or more of the others the sum of money awarded by the commissioners to make the partition just and equal. Pub. Sts. c. 178, § 26. We are of opinion that St. 1871, c. 111, was intended to enlarge rather than to restrict the power given to the court by St. 1870, c. 257, which

it repealed. It gives the court power in its discretion to order a sale by public auction in any case where lands cannot be advantageously divided, and at any time before partition has been decreed. It may often happen that the true situation of an estate in reference to the feasibility of dividing it will appear much more clearly after the commissioners have attempted to divide it, or to set off the whole or a large share to one who is to pay money to the others, than before their attempt, and it seems to us that this provision for ordering a sale at any time in the discretion of the court is wise and just.

In the present case a sale was ordered by the Probate Court after the report of the commissioners came in. In the decree, one of the reasons given for ordering the sale was that the commissioners grossly erred in appraising the estate at sixteen thousand dollars when the value of it was more than eighteen thousand. At a hearing in this court on an appeal, the justice found that the fair market value of the land is only sixteen thousand dollars. The principal reason assigned by the Probate Court for its action thus appears to be without foundation, but it does not appear that this was the only reason. We assume that the justice who made the report intended to present all the facts which he deemed material to a final disposition of the case by this court. In this view, although there may be other considerations that do not appear which affected the Probate Court, and which might properly affect this court, in determining what is the most just and equitable mode of making the partition, we are of opinion that the decree for a sale should be affirmed. We are led to this conclusion because the parties are in dispute in regard to the value of the property, because the report of the commissioners setting it off to one at an appraisal was agreed to by only a majority of the board, and because the principal fact in controversy before the court is one which rests largely upon the opinion of witnesses, in regard to which any finding of a court is liable to be erronous.

> *Report of commissioners set aside, and sale ordered in accordance with the decree of the Probate Court.*