RAFAEL SAURÍ, Plaintiff and Appellant-appellee, v. JOSÉ SAURÍ ET AL., Defendants and Appellees-appellants.

No. 3549. Decided July 15, 1929.

*Tous Soto & Pérez Marchand* for the appellant-appellee. *F. Parra Capó* and *José* and *Alberto S. Poventud* for the appellee-appellants.

ON MOTION FOR REHEARING

Mr. Justice Texidor delivered the opinion of the court.

The appellee has moved to reconsider the judgment on appeal rendered herein. The parties have been heard as to the propriety of the motion and have filed briefs.

The motion repeats the arguments previously submitted, propositions already considered and decided in the main opinion and judgment, and presents some new questions. Certain misconceptions are noted therein which must be considered.

It is alleged by the petitioner that we have held that the San Antón plantation is not divisible because of the mere fact of the existence therein of an underground water pump. This is not so. A cursory reading of the opinion should suffice to remove this misapprehension. The essential grounds of the opinion, supported by the authorities, are as follows:

1. That the properties should not be divided into parcels —some of them, because their very nature renders them indivisible into material and tangible parts; others, because a material partition would cause great depreciation in their value. And now we add that in some cases the partition in the manner sought by the petitioner would encumber properties which are at present unencumbered, thereby rendering their condition worse. We do not think that the purpose of courts is to aggravate the condition of estates which, when made the subject of a suit for partition, were initially free from liens. The proposal of one of the parties herein to take a certain parcel under certain conditions is not a matter of record nor is it to be considered on appeal.

2. That estates which are not capable of actual partition may become divisible, and are so in legal contemplation, in the manner provided for by the Civil Code, that is, by sale and distribution of the proceeds thereof among the present co-owners.

3. That this is a case where dissolution of the joint ownership is sought by the co-owners, and the problem offered

is not solved by partitioning some of the properties and leaving others undivided.

4. That the indivisible properties herein are an integral part of some of the estates, which would greatly depreciate if deprived of such properties by actual separation.

On pages 13 and 14 of the memorandum or brief of the appellant opposing the reconsideration there is a paragraph which reads as follows:

"The appellee in his main brief of December, 1927, admitted that for the actual partition in the present case the pump and the wells would have to remain in common ownership (p. 48); that if the co-owner holding the largest share came into possession of any surplus water owing to the allotment to her of the pump and the wells, she could sell the excess for the other parcels and to other persons (p. 48); that the water rights, the concession, the dam, the conduits and the water pump should be left undivided because legally they are indivisible (p. 59); that for the partition of the parcels there would have to be determined, among other things, the rights of way that must be continued and whether any new ones should be established; the irrigable portion of land of each parcel and from which grants the irrigation water should come, fixing the cubic meters per second during the irrigation days corresponding thereto and providing for the construction of modules, if necessary, or use of the present ones (p. 79); the establishment of additional secondary conduits if necessary; the distribution of underground waters not derived from concessions; whether the San Antón pump and wells are to be allotted to the largest co-owner, or left undivided, or sold to the highest bidder among the co-owners; the survey of the parcel of land to contain *pro indiviso* the dam, intake, pump for drawing water from the Constancia river; 'the sale of what should be sold and the retention in undivided joint ownership of what must remain as joint property.' (p. 80)."

We have read again the cited brief and find the quotation correct. That juridical situation of simultaneous division and indivision is obviated by the judgment rendered.

The doctrine of external signs is now put forward. However, in spite of the great ability with which the doctrine is presented and the acknowledged competence and bright intel-

lect of counsel expounding the same, it encounters, in the view of this court, insurmountable obstacles created by the very parties to the action, or springing from a proper construction of the law. The former originate in the fact that the question formed no part of the theory of the case nor is it necessarily connected with such theory, and it therefore can not be considered now on a motion for rehearing. The latter obstacles are due to the fact that the doctrine of external signs undoubtedly requires previous situations of fact and of law, which do not obtain in the present case, where the only previous situation is one of joint ownership, whereas the doctrine would require the ownership in a person of several properties wherein a service existed, the alienation of the dominion title in one of such properties, the evident subsistence of the service and its constitution into a servitude, since in such a case, from the time of such alienation, two different tenements would come to life: one dominant and the other servient, belonging to two different owners, and, finally, the birth of the title to the servitude, not in a document or in continued possession and use, but in the sign and its appearance, which constitute, together with the lack of denial of the service when making the alienation, the title to the easement.

A careful review of the decisions in *Briges* v. *Sperry,* 95 U. S. 401, and *Willard* v. *Willard,* 36 L. ed. (U. S.) 644, shows the strength of the doctrine which, with others, forms the basis of our decision. And apart from the quotations from Spanish precedents cited in that opinion, the doctrine in *Oronoz* v. *Román,* 26 P.R.R. 22, is sufficient for a declaration of the rule which should govern in cases such as that herein.

For the foregoing reasons the motion for rehearing must be denied.

Mr. Justice Wolf dissented.

Ordinarily, under sections 413 and 1018 *et seq.* of the Civil Code, heirs or owners in common have a right to insist upon the material division of a particular piece or pieces of property. It may be that a man has an established business or even a sentimental desire not to be prevented from enjoying at least a part of the ancestral estate. The evidence in the case partially convinced me that it would perhaps be better financially for the property to be sold, but I was not at all persuaded that the extensive acreage in this case could not be divided in kind between three or four owners in common, even though material improvements had been made upon certain sections thereof. By various compensating devices, even down to cash payments, an heir receiving more of the improvements or of the land than the others could make up the differences. I was not even convinced that any money payment would be necessary to make such a material division. It is unnecessary, therefore, for me to consider whether compensation could be made by apportioning the pumps or irrigation devices.