Rafael Saurí, demandante-apelante-apelado, *v.* José Saurí, Carmen Saurí e Isabel Tristani Vda. de Saurí, demandados-apelados-apelantes.

No. 3549.—*Resuelto:* Julio 15, 1929.

*Tous Soto & Pérez Marchand,* abogados del apelante-apelado; *F. Parra Capó* y *José* y *Alberto S. Poventud,* abogados de los apelados-apelantes.

En Moción de Reconsideración

El Juez Asociado Señor Texidor emitió la opinión del tribunal.

Se ha presentado por el apelado moción para que reconsideremos la sentencia dictada en este caso. Las partes han sido oídas por el tribunal, en cuanto a la procedencia de la moción; y han presentado memorandums.

La moción para reconsideración, repite algunos de los argumentos presentados con anterioridad, proposiciones ya

estudiadas y resueltas en la opinión y en la sentencia, **y** ofrece algunos extremos nuevos. En ella se establecen ciertos errores de apreciación, que deben ser considerados.

Se dice por el peticionario que hemos estimado que la finca San Antón no es divisible, por el mero hecho de existir en ella una bomba para extracción dé agua subterránea. Esto no es así. Una ligera lectura, de la opinión sería bastante para desvanecer ese error. Las razones fundamentales de la opinión, sostenidas por la autoridad de la jurisprudencia, son:

1. Que las fincas no deben ser divididas parcelariamente; unas, o algunos bienes, porque su propia naturaleza las hace indivisibles en partes materiales y tangibles; otras, porque la división material las haría perder grandemente. Y ahora añadimos que en algunas la división en la manera que se pretende por la parte peticionaria convertiría las fincas hoy libres, en fincas gravadas, empeorando su condición; y no creemos que sea misión de los tribunales empeorar la situación de los bienes que han venido al pleito libres y sin cargas. La proposición de una parte, de tomar cierta parcela en determinadas condiciones, no es materia de récord, ni para ser considerada por un tribunal de apelación.

2. En que los bienes que no son materialmente susceptibles de ser partidos y distribuidos, pueden serlo, y lo son, jurídica y legalmente, por el medio que ofrece el Código Civil, o sea, por su venta, y distribución o reparto del producto entre los ahora condueños.

3. Que se trata de un caso en que se pide la disolución de una comunidad de bienes; solicitada por los condueños; y no es solución al problema presentado la de dejar indivisos algunos de esos bienes, y divididos otros.

4. Que los bienes indivisibles que en este caso aparecen son parte integrante de algunas fincas que perderían grandemente en su valor al pretenderse una separación entre aquéllos y éstas.

En las páginas 13 y 14 del memorándum o alegato de la apelante en cuanto a la reconsideración hay un párrafo que dice así:

"El apelado en su alegato principal de diciembre, 1927, reconoció que para la división material en este caso habría que dejarse en comunidad: la bomba y los pozos (p. 48 mid.); que si le sobraba agua a la mayor condueña mediante la adjudicación de la bomba y los pozos, podría ésta venderla a las demás parcelas y a otras personas (p. 48 bot.); que el derecho de aguas, la concesión, la presa, canales y bomba de alumbramiento de aguas, debe todo quedar indiviso por ser por ley indivisible (p. 59, línea 9); que para la división de las parcelas, entre otras cosas, habría que determinar las servidumbres de paso que deben subsistir y si hay que establecer alguna nueva; determinar el terreno regable de cada parcela, y con aguas de qué concesiones deben ser regados, fijando los metros cúbicos por segundo por los días de regadío que les corresponden y disponiendo la construcción de módulos si fuere necesario o utilización de los actuales (p. 79 bot.); determinar . . . el establecimiento de canales adicionales de derivación si fuere necesario; distribuir el agua subterránea no procedente de concesiones; resolver si la bomba y pozos de San Antón se adjudican al mayor partícipe, se dejan pro indiviso, o se ponen en licitación entre los condueños; deslindar la parcela de terreno donde ha de quedar pro indiviso la presa, toma de agua, bomba para alumbrar aguas del río de la Constancia; ordenar 'la venta de lo que deba venderse y la proindivisión de lo que deba quedar pro indiviso.' (p. 80.)"

Hemos leído de nuevo ese alegato, y la cita es correcta. Esa situación jurídica de división e indivisión, a un mismo tiempo, es la que se impide por la decisión del caso.

Se trae ahora a la discusión la doctrina del signo aparente que, a pesar de hallarse presentada con gran habilidad y al amparo de la reconocida competencia y claro talento del abogado que la formula, encuentra en su camino ante este tribunal, obstáculos insuperables, creados por las mismas partes en el litigio, o nacidos de una rigurosa interpretación de la ley. Los primeros nacen de que esa cuestión no ha constituído la teoría del caso, ni ha tenido relación indispensable con ella; y no es posible, ahora y en petición de recon-

sideración, discutirla. Los segundos nacen de que la teoría del signo aparente requiere, indiscutiblemente, previas situaciones de hecho y de derecho, que no son las de este caso, donde la única situación previa es la de una comunidad de bienes, mientras en aquélla se precisaría la existencia de dominio en una persona sobre fincas distintas en las que existe un servicio, la enajenación del dominio de una de esas fincas, y la subsistencia del servicio, aparente, y su constitución en servidumbre, ya que se da en el caso la nota característica, desde ese momento de la enajenación, de surgir dos predios distintos, uno dominante y otro sirviente, y dos distintos dueños; y finalmente, la encarnación del título a la servidumbre, no en un documento o en la continuada posesión y uso, sino en el signo y su apariencia, que son, conjuntamente con la falta de negación del servicio al hacerse la enajenación, el título del gravamen.

Una cuidadosa revisión de las decisiones en los casos *Briges* v. *Sperry*, 95 U. S. 401, y *Willard* v. *Willard*, 36 L. Ed. (U. S.) 644, 645, 646, bot., convence de la fuerza de la doctrina que, con otras, es base de nuestra decisión. Y, aparte de las citas sobre jurisprudencia española que en aquella opinión aparecen, la doctrina del caso *Oronoz* v. *Román*, 26 D.P.R. 25, es suficiente para declarar la regla que debe observarse en casos como éste.

*Por las razones apuntadas debe denegarse la moción de reconsideración.*

El Juez Asociado Sr. Wolf disintió.