## SAURI v. SAURI et al.

### No. 2440.

Circuit Court of Appeals, First Circuit.

Nov. 26, 1930.

Jose Tous Soto (of Tous Soto & Zapater), of Ponce, Porto Rico, for appellant.

Jose A. Poventud, of Ponce, Porto Rico (Alberto S. Poventud, of Ponce, Porto Rico, on the brief), for appellees.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge.

This is an appeal from the Supreme Court of Porto Rico. Felix Sauri Vivas died on December 24, 1915, leaving a widow, three children, and a large estate. Early in 1916 the family agreed to hold the estate in community for an indefinite time; it was managed by the plaintiff, Rafael. In 1921 they determined to terminate this community holding. It is undisputed that the widow is entitled to a half of the property, and the three children, now of full age, each to one-third of the other half.

The estate consisted of personalty, urban properties, and extensive rural properties, devoted to sugar raising, grazing, etc. The parties agreed to the division of the personalty in kind, and that the urban property should be sold at auction and the proceeds divided. Controversy arose relative only to the rural properties. Plaintiff contends that they should be divided in specie; defendants

that they should be sold and the proceeds divided.

The District Court held for the plaintiff:

"That the rural properties of the community be divided and that this division be made by lots, which will be adjudicated to each of the co-participants in such a manner that a piece of land in each property, proportionate to the interest of each co-owner, be allotted to each; the appointment of three referees is hereby ordered, one referee for each one of the parties to this suit, who shall suggest them to the court, and the third one to be appointed directly by the court; these referees shall proceed to the division of the property and subsequently thereto shall submit reports, to be approved by the court, in conformity with the provisions of the Code of Civil Procedure in force."

On appeal to the Supreme Court, this part of the decree was reversed.

The appellees now question the jurisdiction of this court on two grounds: (1) Because the appeal was taken prematurely; and (2) for lack of the jurisdictional amount of $5,000. 28 USCA § 225.

The judgment of the Supreme Court is dated April 30, 1929, and the petition for appeal and supersedeas was filed June 29, 1929, when a motion for reconsideration was pending. This was overruled on July 15, 1929. The petition for appeal was allowed on July 15, and the bond for costs approved July 29. It is therefore immaterial that the petition for appeal was filed while the motion for reconsideration was pending.

Equally untenable is the claim that the amount in controversy does not exceed $5,000. The finding of the Supreme Court that the decreased value of the pump alone, if the partition were in kind, would amount to some $10,000, is enough to dispose of that contention.

The case comes here on four assignments of error. The first and second allege error by the Supreme Court in not holding the judgment of the District Court as merely interlocutory and therefore appealable only within ten days. This may be briefly disposed of. The judgment of the District Court is dated October 24, 1924, but a motion for reconsideration was filed on November 18, 1924, and denied on November 21, 1924. The appeal was taken on November 22, 1924, and served on November 24, 1924; so that, even if the judgment was interlocutory, and not final, the appeal was taken within ten days. The motion for rehearing suspended the running of the time allowed

for appeal. Citizens' Bank v. Opperman, 249 U. S. 448, 450, 39 S. Ct. 330, 63 L. Ed. 701. Assignments 1 and 2 are without merit.

■ The other two assignments deal with the merits of the Supreme Court's holding the rural properties indivisible and ordering partition by sale and division of the proceeds.

The Supreme Court discussed at some length the meaning of the provisions of the Civil Code applicable to a termination of community holdings. These sections are 407, 408, 411, and 413 of the chapter entitled "The Common Ownership of Property," and section 1029 under the title "Inheritances."

That learned court held, as we understand its opinion, that mere depreciation of the property was not enough to warrant denying partition in kind. The court quoted from the defendants' brief, as follows: "So that not only is a thing legally indivisible when it is rendered unserviceable for the use to which it was intended, but also when it becomes impaired by being divided," saying:

"That is neither the spirit nor the letter of the law. There is a great difference between the thing indivisible by its nature and the possibility of a loss in value as a consequence of the division."

This doctrine is at least as favorable as the appellant can fairly ask.

■ While partition in kind is favored (47 C. J. p. 442, § 436), the general rule is that it should be allowed only when it is "without serious detriment to the owners." See Briges v. Sperry, 95 U. S. 401, 403, 24 L. Ed. 390. This case arose under the California Code, which is, in most respects, closely analogous to the Porto Rican Code. See, also, Willard v. Willard, 145 U. S. 116, 12 S. Ct. 818, 36 L. Ed. 644; East Coast Cedar Co. v. People's Bank (C. C. A.) 111 F. 446; East Shore Co. v. Richmond Belt Ry. Co., 172 Cal. 174, 177, 155 P. 999; Mitchell v. Cline, 84 Cal. 409, 418, 24 P. 164; see also 47 C. J. p. 289, § 50, and cases cited; Ramsey v. Humphrey, 162 Mass. 385, 386, 38 N. E. 975; Grouchy v. Williams, 161 La. 909, 109 So. 545; Williams v. Coombs, 88 Me. 183, 33 A. 1073.

■ It is enough to note now that, on the facts in this case, we reach the same conclusion as did that learned court, that partition in specie should be denied.

The rural properties in question consisted of over 1,000 acres of sugar and grazing land, made up of several different estates, taking water for irrigation from two rivers, the Bucana and the Portuguese, as well as from artesian wells. There were houses, private roads, a railroad side track, a pump, etc.

The conclusion of the Supreme Court in favor of partition by sale is plainly right. It says:

"That the rural properties in question are divisible is in this case a problem that cannot have a single solution. The lands, whatever may be the use given to them and the class to which they belong, are divisible, for in making lots it would be necessary to fix inevitable compensations in order to equalize their value. But here there are things which are attached to the properties and that have a value with them, for them and by them, and are indivisible by their own nature, as the irrigation pump, which, attached to the properties and with them, is worth more than $15,000, but which, without them, is not worth perhaps more than 20 per cent of its purchase price, aside from the fact that it is not divisible. Such pump, together with the railroad side-track, houses, etc., were placed on the properties by the will of the part-owners; they form part of the properties, from which they cannot be segregated without great detriment; they occupy part of the land, which could not be divided unless the value of those structures be destroyed, and by themselves, due to these circumstantial reasons, they are indivisible. We think that the water concessions and the right of drawing water are also indivisible."

In another opinion, delivered on a motion for reconsideration, it said that the fundamental reasons of the original opinion were:

"That the properties should not be divided in parcels: some of them because their own nature makes them indivisible in material and tangible portions; others, because material division would impair them considerably. And now we add that in some of the properties the division as now pretended by the petitioner would convert properties which are now free from encumbrances into encumbered ones, thus making their condition worse; and we think that it is not the mission of the courts to impair the condition of the properties which have come to the suit from unencumbrances or liens. The proposal of one of the parties of accepting a certain parcel under certain conditions is not a matter of record and should not be considered by a court of appeals."

■ Even if we regarded this conclusion of the Supreme Court as open to reasonable doubt, as we do not, we should be constrained to sustain it, under the rule that decisions of that court on matters of local law should not be disturbed, unless manifestly erroneous. Gerardino v. People of Porto Rico (C. C. A.)

29 F.(2d) 517; Diaz v. Gonzalez, 261 U. S. 102, 43 S. Ct. 286, 67 L. Ed. 550; Fernandez v. Ojeda, 266 U. S. 144, 146, 45 S. Ct. 52, 69 L. Ed. 209; Sucesores de Perez Hermanos v. Costa (C. C. A.) 281 F. 440.

The judgment of the Supreme Court of Porto Rico is affirmed, with costs.