Núm. 168.—ROSSY, recurrente, v. COMISIÓN INDUSTRIAL, ETC., dmdada.—Original. Recurso de Revisión. Abril 13, 1939.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

POR CUANTO, la petición del recurrente lee como sigue:

"Que la Comisión Industrial de Puerto Rico, el día 21 de julio de 1938, en el caso núm. 3055, seguido ante dicha Comisión contra el recurrente y Tulio Marrero, por virtud de un accidente ocurrido a un tal Juan Castro Iglesias, dictó su resolución, cuya copia certificada se acompaña a esta petición, declarando el derecho de los beneficiarios del dicho Juan Castro Iglesias a recibir cierta compensación, dentro de lo provisto por la Ley núm. 45 de la Asamblea Legislativa de Puerto Rico de 1935, y condenando al recurrente como uno de los patronos responsables del pago de dicha compensación.

"Que el recurrente solicitó la reconsideración de dicha resolución, la cual fué denegada por providencia de marzo 23 de 1939, cuya copia certificada se acompaña, habiendo el recurrente recibido por correo dicha copia el 26 de marzo próximo pasado.

"Que tanto la resolución como la providencia denegando su reconsideración lesionan los derechos del recurrente como sigue:

"La propia resolución de la Comisión en su primer párrafo expresa que Jesús M. Rossy, el recurrente, y Tulio Marrero explotaban una cantera en el barrio Las Cuevas de Trujillo Alto, propiedad ésta del primero, cedida la explotación de la misma al último por convenio verbal, mediante el cual el Sr. Rossy recibía semanalmente del Sr. Marrero una cantidad previamente convenida.

"Durante la vista se comprobó por la prueba que el recurrente Jesús M. Rossy no era, ni tenía, el carácter de patrono, sino el de arrendador de la cantera a favor de Tulio Marrero.

"Alega el recurrente que él no es, ni era patrono del obrero lesionado al tiempo de ocurrir el accidente; y que en su moción de reconsideración así lo hizo constar, alegando que este Tribunal Supremo en el caso de *Rossy* v. *Del Valle*, 34 D.P.R. 730, en un contrato de igual naturaleza al que ahora consideramos, declaró el carácter de arrendador en el Sr. Rossy. La Comisión no tuvo en cuenta esta alegación del recurrente.

"El recurrente estima que la Comisión Industrial de Puerto Rico cometió un grave error, en estas condiciones al declararle patrono, responsable del accidente; y solicita de este Honorable Tribunal que dicte la orden correspondiente

para que todos los autos en este caso sean elevados a esta jurisdicción; y, en su día revise y revoque la dicha resolución, declarando exento de responsabilidad a este recurrente, con las costas a quien correspondan.''

POR CUANTO, la Comisión Industrial, en su resolución denegando la moción de reconsideración, dijo:

''Alega el peticionario que nuestra resolución comienza declarando que la cantera donde ocurrió el accidente es propiedad del patrono Jesús M. Rossy y que éste había cedido la explotación de la misma a Tulio Marrero, por convenio verbal, mediante el cual éste daba a aquél una cantidad previamente convenida, y arguye que siendo ciertas estas condiciones, la posición del Sr. Rossy es la de arrendador, y por tanto, no podía ser patrono del obrero fenecido.

''La Comisión Industrial ha leído cuidadosamente su resolución antes mencionada y en ningún sitio de la misma ha expresado su criterio de que considerara existente un contrato de arrendamiento entre los Sres. Rossy y Marrero, y no podía resolver sobre la existencia o no existencia de este contrato, porque no fué ésa una de las alegaciones del patrono ni acerca de la cual hizo en juicio la preparación debida.

''En la vista pública celebrada el 2 de diciembre de 1937, al ser interrogado el patrono acerca de su teoría, se expresó en la siguiente forma: (págs. 1 y 2, Rec. Taq.)

''Sr. Comisionado: Teoría de las partes.

''Rept. Benef.—En la fecha que se expresa en los autos falleció el obrero Juan Castro Iglesias a consecuencia de un accidente sufrido en el trabajo, procedente de una cantera, donde se dedicaba a cargar piedras para un *truck*, habiéndose desprendido una piedra, produciéndole contusiones y lesiones que se detallan en la petición, a consecuencia de las cuales falleció. Que el patrono es uno de aquéllos comprendidos dentro de la Ley núm. 45 de 1935 (1) pág. 251; en relación con las disposiciones de esta ley, dicho patrono no estaba asegurado con el Fondo del Seguro del Estado, por lo que era responsable, de acuerdo con la ley, al obrero y a los causantes del obrero fallecido. De manera que nos amparamos en la sección de la Ley núm. 45 de 1935 provista para el caso en que el patrono no haya cumplido con la ley.

''Sr. Comisionado: ¿Y el patrono?

''Rept. Pat.—El patrono solamente levanta en este procedimiento las siguientes cuestiones: Primera: que el lesionado era un sub-contratista independiente y no un obrero dentro de la ley núm. 45 de 1935; y segunda: '*que el accidente se produjo por la imprudencia temeraria del lesionado.*'

''¿Por qué si el peticionario se consideraba arrendador, y por tanto no responsable como patrono, no hizo esta alegación y presentó en evidencia el contrato de arrendamiento?

''¿Por qué si era un convenio verbal no produjo prueba testifical de la existencia del mismo? ¿Por qué no trajo al supuesto arrendatario, Sr. Tulio Marrero, para probar la existencia de este convenio verbal?

''No puede plantearse en una moción de reconsideración, ni puede resolverse en ella una cuestión nueva no propuesta en las alegaciones.

''Se ha resuelto:

'' 'Mediante una moción de reconsideración y aun en la vista original de la apelación, no pueden plantearse ni resolverse cuestiones nuevas

no propuestas en las alegaciones y acerca de las cuales no se hizo la debida preparación en juicio.' *José Rafols Roger, demandante y apelado* v. *Sucesión de Juan Palén Aguila, demandada y apelante,* 40 D.P.R. 731.

" 'El objeto principal de una moción de reconsideración es dar a la corte que dictó la sentencia o resolución cuya reconsideración se pide, la oportunidad para enmendar o corregir errores incurridos al dictarla.' *Petra, Eugenio y Emilio Dávila y Nicolasa Marrero, demandantes y apelados,* v. *Ofelia Collazo, demandada y apelante,* 50 D.P.R. 494.

"¿Podía la Comisión Industrial cometer error al no resolver sobre una alegación que no le fué planteada?

Se ha resuelto:

" 'Una cuestión que no ha constituído la teoría del caso ni ha tenido relación indispensable con ella, no puede ser discutida en una petición de reconsideración.' *Rafael Saurí* v. *José Saurí et al.,* 39 D.P.R. 898.

"El Sr. Rossy no solamente no hizo alegación alguna de que no debía considerársele patrono responsable en el caso, ni presentó prueba de clase alguna al efecto, sino que, al contrario, al ocurrir el accidente que privó de la vida a Juan Castro Iglesias, rindió al Fondo del Seguro del Estado el informe de patrono que exige la Ley 45 de 1935, y en él hizo constar bajo su firma, que era el patrono, y en tal carácter compareció a la vista pública celebrada el 2 de diciembre de 1937. Dicho documento obra en el expediente del caso.

"Si el Sr. Rossy no se consideraba patrono del obrero occiso, ¿qué le indujo a informar el accidente al Fondo del Seguro del Estado, en violación del inc. 3º. del Art. 13, de la Ley 45 de 1935? Dicho inciso dice así:

" 'Todo patrono que intencional y maliciosamente *informe indebidamente un caso de accidente del trabajo al Administrador del Fondo del Estado* responderá de todos los gastos en que se incurriere con motivo de dicho informe; *Disponiéndose,* que todo patrono que informe como suyo un accidente ocurrídole a un obrero o empleado que trabaje para un patrono, que en violación de la ley, no se haya asegurado, será castigado por la corte de distrito del distrito donde ocurrió el accidente con una multa no menor de doscientos (200) dólares, ni mayor de cuatro mil (4,000) dólares, o con una pena de prisión no menor de seis (6) meses ni mayor de dos (2) años o ambas penas a juicio de la corte. Tanto los gastos como las multas se harán efectivas sobre los bienes del patrono.' '

"El Sr. Rossy no puede ir contra sus propios actos.

"Por lo expuesto, la Comisión Industrial resuelve declarar sin lugar la Moción de Reconsideración."

POR CUANTO, los motivos expresados por el recurrente no son suficientes, a nuestro juicio, para justificar la expedición de un auto de revisión.

POR TANTO, no ha lugar al remedio solicitado.