Opinión concurrente emitida por la
Jueza Asociada Señora Fiol Matta, a la cual se unen el Juez Asociado Señor Rebollo López y la Jueza Asociada Señora Rodríguez Rodríguez.
Coincido en que debemos revocar al Tribunal de Apelaciones en este caso. Entiendo, no obstante, que no debemos desaprovechar la oportunidad para expresarnos sobre la incongruencia entre las Reglas 43.5 y 47 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, y resolver de una vez si las nor-mas que se derivan de la Regla 47 aplican por igual a los dictámenes finales, a las resoluciones interlocutorias y a las órdenes del Tribunal de Primera Instancia. Por esta razón, formulo la presente opinión concurrente. Entiendo, por los fundamentos que expongo a continuación, que los términos establecidos en la referida Regla 47 para la consideración de las mociones de reconsideración y las pautas para la interrupción de los términos para recurrir al foro apelativo, así como la jurisprudencia que interpreta estas disposiciones, no aplican a la reconsideración de resoluciones u órdenes interlocutorias.
*583 I
Los hechos pertinentes de este caso están muy bien reseflados en la sentencia de este Tribunal. Por lo tanto, procederé directamente a la discusión del asunto procesal en controversia.
Nuestras Reglas de Procedimiento Civil regulan la reconsideración de sentencias interlocutorias en dos disposiciones distintas. Por una parte, la Regla 43.5 de Procedimiento Civil dispone:
Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra terceros o figuren en él partes múltiples el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer dictar sentencia sobre tales reclamaciones o partes hasta la resolución total del pleito, y siempre que ordene expresamente que se registre sentencia.
Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a la controversia en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a correr en lo que ella respecta los términos dispuestos en las Reglas 47, 48 y 53.
En ausencia de la referida conclusión y orden expresa, cualquier orden o cualquier otra forma de decisión, no importa cómo se denomine, que adjudique menos del total de las reclamaciones o los derechos y obligaciones de menos del total de las partes, no terminará el pleito con respecto a ninguna de las reclamaciones o partes y la orden u otra forma de decisión estará sujeta a reconsideración por el tribunal que la dicte en cualquier momento antes de registrarse sentencia adjudicando todas laS' reclamaciones y los derechos y obligaciones de las partes. (Enfasis suplido.) *584 La parte adversamente afectada por una resolución, orden o sentencia del Tribunal de Primera Instancia podrá, dentro del término jurisdiccional de quince (15) días desde la fecha de la notificación de la resolución u orden o, desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, presentar una moción de reconsideración de la resolución, orden o sentencia. El tribunal, dentro de los diez (10) días de haberse presentado dicha moción, deberá considerarla. Si la rechazare de plano, el término para apelar o presentar un recurso de certiorari se considerará como que nunca fue interrumpido. Si se tomare alguna determinación en su consideración, el término para apelar o presentar un recurso de certiorari con término jurisdiccional ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Por otro lado, si se tomare alguna determinación en la consideración de una moción de reconsideración, el plazo para presentar un recurso de certiorari con término de cumplimiento estricto ante el Tribunal de Circuito de Apelaciones empezará a contarse desde la fecha en que se notifica la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haber sido presentada,^ se entenderá que la misma ha sido rechazada de plano. (Enfasis suplido.) 32 L.P.R.A. Ap. III.
*583 De otro lado, la Regla 47, en la versión vigente al momento de los hechos de este caso, establecía, en lo pertinente:(1)
*584 De una lectura del texto de ambas reglas surge claramente que éstas están en contraposición. La Regla 47 incluye, entre las mociones de reconsideración que están sujetas a los términos y a las pautas establecidos en ésta, a las mociones de reconsideración de resoluciones interlocutorias del foro de instancia. Sin embargo, la Regla 43.5 categóricamente dispone que las resoluciones interlocutorias serán revisables por los tribunales que las emitan en cualquier momento antes que se registre la sentencia que adjudica todas las reclamaciones, los derechos y las obligaciones de las partes. Además, la citada Regla 43.5 establece *585 solamente que será contra las sentencias finales que transcurrián los términos dispuestos en la Regla 47, supra. Entiendo que el Tribunal debió aprovechar la oportunidad que brinda este caso para poner fin a esta incompatibilidad, y resolver de una vez si las normas que se derivan de la citada Regla 47 de Procedimiento Civil aplican por igual a los dictámenes finales, a las resoluciones interlocutorias y a las órdenes del Tribunal de Primera Instancia.
II
La discrepancia entre estas dos reglas tiene una explicación histórica. La práctica de presentar mociones de reconsideración contra sentencias, órdenes y resoluciones es una costumbre firmemente establecida en nuestro ordenamiento. De hecho, en el inicio del siglo XX, los abogados puertorriqueños presentaban estas mociones y los tribunales las consideraban aun cuando nuestro Código de Enjuiciamiento Civil no proveía para esto. La práctica estaba tan generalizada que la Corte de Apelaciones para el Primer Circuito, foro al que se apelaban las decisiones de nuestro Tribunal Supremo, resolvió que la presentación de una moción de reconsideración suspendía el término para apelar. Esto, a su vez, propició que los litigantes utilizaran las mociones de reconsideración como una práctica dilatoria. Por eso, ante la ausencia de legislación que regulara la presentación de las mociones de reconsideración y sus efectos en el trámite del litigio, y el pedido de los tribunales para que esta práctica se reglamentara, la Asamblea Legislativa enmendó el Código de Enjuiciamiento Civil para sistematizar la presentación de estas mociones. Véanse: H.A. Sánchez Martínez, La reconsideración de resoluciones u órdenes interlocutorias y de sentencias finales, 15 (Núm. 2) Rev. Jur. U.I.P.R. 367, 369-370 (1981); Dávila v. Collazo, 50 D.P.R. 494 (1936); Saurí v. Saurí, 45 F.2d 90 (1930). El Art. 292 del Código de Enjuiciamiento Civil se *586 enmendó para que dispusiera que cualquier parte agraviada podía solicitar una reconsideración desde el archivo en autos de una copia de la notificación de la sentencia o de la resolución.(2)
Este artículo del Código de Enjuiciamiento Civil hacía referencia tanto al archivo en autos de la copia de la notificación de las sentencias como a las resoluciones, porque contrario a lo que está dispuesto hoy en nuestro ordenamiento procesal civil, tanto las sentencias como las resoluciones eran apelables.(3) Al ser apelables las resoluciones, *587 el Secretario del tribunal debía notificarlas por escrito y archivar copia de esta notificación como se hacía con las sentencias. Sin embargo, el término para presentar las mociones era distinto si se trataba de una apelación o de una resolución, ya que los términos para presentar el recurso de apelación eran también distintos. Véanse: Art. 295 del Código de Enjuiciamiento de 1904; Sánchez Martínez, supra, págs. 371-372.
Hoy la Regla 47 de Procedimiento Civil, supra, mantiene un trato diferente en cuanto a la reconsideración de sentencias y la reconsideración de resoluciones interlocutorias. Esta regla establece que el término para solicitar la reconsideración de una resolución comienza a decursar desde la fecha de la notificación, mientras que el término para la presentación de una moción de reconsideración de una sentencia comienza a transcurrir desde el archivo en autos de una copia de la notificación. Esta diferencia obedece al sistema actual de notificación para estas decisiones del tribunal, que en última instancia responde al hecho de que las resoluciones interlocutorias no son apelables. Sin embargo, una vez nos adentramos en la evolución de estas disposiciones nos percatamos que la mención de las mociones de reconsideración de resoluciones interlocutorias en esta regla parece ser un simple vestigio, un resto histórico. Veamos.
Como mencionáramos, la inclusión de las resoluciones interlocutorias en la primera regla que se adoptó en Puerto Rico sobre la reconsideración de las decisiones de los tribunales, se debió a que las resoluciones interlocutorias eran apelables. De hecho, las resoluciones fueron apelables hasta 1958, cuando se enmendó la Ley de la Judicatura de 1952 para que fueran, al igual que lo son hoy, sólo revisa *588 bles mediante el recurso de certiorari. Véase Ley Núm. 115 de 26 de junio de 1958 (4 L.P.R.A. see. 35 (ed. 1994)). Este cambio a la Ley de la Judicatura de 1952 se hizo después de que se redactaron y se remitieron a la Asamblea Legislativa las Reglas de Procedimiento Civil de 1958, pero antes de que éstas fueran aprobadas. Es por eso que a pesar de este cambio en cuanto al carácter apelable de las resoluciones interlocutorias, la Legislatura no enmendó el texto de la Regla 47 de Procedimiento Civil de 1958, que vino a remplazar el Art. 292 del Código de Enjuiciamiento Civil,(4) y éste retuvo el lenguaje del Art. 292 del Código de Enjuiciamiento Civil en cuanto a la reconsideración de las resoluciones interlocutorias.(5) Igualmente, esta nueva regla estableció cuáles acciones del tribunal interrumpirían el término para apelar tanto de las resoluciones como de las sentencias, a pesar de que las resoluciones interlocutorias, cuando entraron en vigor las Reglas de Procedimiento de 1958, no eran apelables ya.
Esta contradicción trajo como consecuencia que a pesar de desaparecer el derecho de apelación de las resoluciones interlocutorias, no desapareciese también la idea de que existían términos para reconsiderar estas decisiones y se *589 comenzara a hablar de términos jurisdiccionales respecto a resoluciones que no eran finales y que por virtud de la Ley de la Judicatura no eran apelables ni revisables. Sánchez Martínez, supra, pág. 374. No obstante, no tenía —y no tiene— sentido hablar de un término fatal o jurisdiccional después del cual el tribunal quedaría privado de reconsiderar una resolución u orden que no pone fin al litigio y que no es revisable ni apelable.
Este análisis encuentra también respaldo en nuestra decisión en el caso El Mundo, Inc. v. Tribunal Superior, 92 D.P.R. 791, 801-802 (1965). En ese caso, fundamentándonos, en parte, en el poder inherente de los tribunales de reconsiderar sus propias determinaciones, resolvimos, bajo el esquema de las Reglas de Procedimiento Civil de 1958, que
... una vez presentada en tiempo la moción de reconsideración, y resuelta por el Tribunal declarándola sin lugar de plano, bien por acción afirmativa o bien por inacción dentro de los 5 días de su presentación, el Tribunal no queda privado de su facultad para reconsiderar esa actuación suya si considera que en realidad la moción de reconsideración plantea una cuestión sustancial y meritoria y que en bien de la justicia debe señalar una vista para oír a las partes, siempre que ya no se le haya privado de jurisdicción por razón de haberse interpuesto contra la sentencia un recurso de apelación o de revisión o no haya expirado el término para interponer dichos recursos. No puede cuestionarse seriamente que cuando el Tribunal dicta una resolución rechazando de plano una moción de reconsideración, tenga facultad, si se ha equivocado, para reconsiderar su resolución ya a solicitud de parte o sua sponte. No hay razón legal alguna para aplicar una doctrina distinta, cuando por virtud de la Regla 47 [de Procedimiento Civil de 1958], la moción de reconsideración se entiende rechazada de plano si el Tribunal no ha actuado sobre la misma dentro del susodicho término de 5 días. No entendemos la Regla 47 [de Procedimiento Civil de 1958] como indicativa de que una vez rechazada de plano la reconsideración, prive al Tribunal de jurisdicción para dejar sin efecto tal resolución y señalar la moción para vista siempre que lo haga en tiempo. (Enfasis suplido.)
Este razonamiento parece estar latente en la decisión de este Tribunal en Torres Cruz v. Municipio de San Juan, *590 103 D.P.R. 217 (1975). En este caso se dictó una resolución interlocutoria y, expirado el “término” para la reconsideración, se llevó el mismo asunto ante la consideración de un segundo juez. El segundo juez resolvió que no podía intervenir por mandato de la doctrina de la ley del caso. Revocamos y sostuvimos que el segundo juez no estaba obligado por lo resuelto por el primero 17 meses antes, ya que un juez de igual jerarquía no está obligado a “mantener incólume” la decisión de otro juez en el mismo caso. Torres Cruz v. Municipio de San Juan, supra, pág. 222.
La decisión de este Tribunal en ese caso encuentra apoyo, no sólo en la acertada apreciación de que la doctrina de la ley del caso no es una regla inviolable, sino en considerar la solicitud ante el segundo juez como una moción de reconsideración de una resolución interlocutoria que fue presentada a tiempo por las razones que ya expresamos. Si como resolvimos en el caso El Mundo Inc. v. Tribunal Superior, supra, no existía impedimento bajo las Reglas de Procedimiento Civil de 1958 para que un tribunal reconsiderara una sentencia aunque hubiera rechazado de plano una moción de reconsideración por acción afirmativa o por el transcurso del término para atenderla, no podía existirlo tampoco para que se reconsideraran resoluciones interlocutorias en cualquier momento antes que se registrase la sentencia mediante la cual se adjudicaron todas las reclamaciones, los derechos y las obligaciones de las partes; en otras palabras, antes que se dispusiera de la totalidad del caso.
Este razonamiento es igualmente válido en el marco de nuestro ordenamiento procesal civil actual. La contradicción que trajo el mantener el lenguaje del referido Art. 292 del Código de Enjuiciamiento Civil, a pesar de que en virtud de la Ley de la Judicatura de 1952 las resoluciones interlocutorias ya no eran apelables, se manifiesta también en las Reglas de Procedimiento Civil de 1979. Éstas, como sabemos, incluyeron las resoluciones interlocutorias y las órdenes dentro de la regulación de la Regla 47, supra, a pesar que otra regla, la Regla 43.5, supra, claramente *591 dispone que las resoluciones interlocutorias serán revisables por los tribunales que las emitan en cualquier momento antes que se registre la sentencia que adjudicó todas las reclamaciones, los derechos y las obligaciones de las partes. Se impone la necesidad de resolver esta contradicción.
La Regla 43.5, supra, está inspirada en la Regla 54(b) de Procedimiento Civil federal. Véanse los Comentarios a la Regla 43.5 (32 L.P.R.A. Ap. III). Se trata de una disposición que no representa ningún problema en la jurisdicción federal porque en ésta los tribunales tienen el poder para variar en cualquier momento una resolución, orden o sentencia que no ha advenido final o que no es definitiva. Véase John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922). En nuestra jurisdicción no debe representar tampoco ningún problema, dado que en ésta las resoluciones interlocutorias tampoco son decisiones finales. Por el contrario, pueden ser revisadas al final del pleito junto con la sentencia final o en cualquier momento antes de que se solucionen todas las controversias en el pleito. Por ser así, resulta evidente que la mención de las resoluciones interlocutorias y de las órdenes en la actual Regla 47 de Procedimiento Civil, supra, como ya explicáramos, es una simple inadvertencia histórica. Por eso, no hay razón para entender que la reconsideración de resoluciones interlocutorias deba estar sujeta a un término, siempre que se haga antes que se registre la sentencia mediante la cual se adjudican todas las reclamaciones, los derechos y las obligaciones de las partes.
III
Por todo lo anterior, resolvería que los términos establecidos en la Regla 47 de Procedimiento Civil, supra, para la consideración de las mociones de reconsideración, las pautas dispuestas en esta regla para la interrupción de los *592 términos para recurrir al foro apelativo, y la jurisprudencia que interpreta esta regla no aplican a la reconsideración de resoluciones u órdenes interlocutorias. La Regla 43.5 es la regla de aplicación para la reconsideración de órdenes y resoluciones interlocutorias. Solamente contra las sentencias finales es que transcurren los términos dispuestos en la Regla 47, supra. Por lo tanto, concluiría que el recurso en este caso fue presentado dentro del término hábil para ello, ya que tanto la reconsideración como la decisión del tribunal de acogerla y la eventual notificación de esta decisión del tribunal, sucedieron dentro del término que tienen los tribunales de instancia para reconsiderar sus resoluciones y órdenes interlocutorias. Revocaría la determinación del tribunal de instancia y devolvería el caso al Tribunal de Apelaciones para que continúe con los procedimientos.

 El cambio que introdujo, posterior a los hechos de este caso, la Ley Núm. 520 de 29 de septiembre de 2004 al texto de la Regla 47 de Procedimiento Civil, 32 *584 L.P.R.A. Ap. Ill, no alteró en nada las disposiciones de esta regla en lo referente a la reconsideración de resoluciones interlocutorias, por lo que nuestra discusión al respecto aplica igualmente a la regla vigente hoy.

 El Art. 292 del Código de Enjuiciamiento Civil establecía que:
“Una sentencia o providencia, dictada en un pleito civil, excepto cuando hubiere adquirido expresamente el carácter de definitiva y firme, podrá ser revisada de acuerdo con lo prescrito en este código, y de ningún otro modo.
“Cualquier parte agraviada por una sentencia o resolución de una corte de distrito en una acción civil podrá, dentro del término improrrogable de quince días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia o dentro del término improrrogable de cinco días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, radicar en la corte que hubiere dictado la sentencia o resolución una petición exparte para la revisión o reconsideración de su sentencia o resolución, haciendo constar en ella los hechos y los fundamentos de derecho sobre los cuales se basa la solicitud. La corte deberá resolver la moción de reconsideración dentro de los cinco días después de haberse radicado, y si la corte rechazare de plano la petición, el término para apelar de la sentencia o resolución de cuya revisión se trate se computará en la forma prevista por este código, como si no se hubiese presentado petición alguna de revisión o reconsideración. Si la corte resolviere reconsiderar su sentencia o resolución u oír a las partes sobre la moción de reconsideración, el término para apelar se computará desde la fecha del archivo, como parte de los autos del caso, de una copia de la notificación hecha por el secretario de la corte a la parte perdidosa de la resolución definitiva del tribunal.” Art. 292 del Código de Enjuiciamiento de 1904, según enmendado por la Ley Núm. 67 de 8 de mayo de 1937.

 El Art. 295 del Código de Enjuiciamiento Civil establecía que el recurso de apelación podía ser presentado tanto contra sentencias finales de la corte de distrito como contra resoluciones dictadas en siete situaciones en específico. El texto de este artículo es el siguiente:
“Podrá establecerse apelación para ante el Tribunal Supremo contra las resoluciones de las cortes de distrito en los casos siguientes:
“1. De una sentencia definitiva pronunciada en un pleito o procedimiento especial, comenzando en la corte que la hubiere dictado, dentro de un mes después de haberse registrado la sentencia.
“2. De una sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, dentro de los quince días después de registrada dicha sentencia, si el valor de la cosa reclamada o cuantía de la sentencia sin comprender frutos o intereses, excediera de trescientos dólares.
“3. De una providencia concediendo o denegando un nuevo juicio; concediendo o anulando un injuction; negándose a conceder un cambio de lugar para la celebración *587 del juicio; de una providencia especial dictada después de una sentencia definitiva; y de una sentencia interlocutoria en pleitos sobre partición de propiedad real, dentro de los diez días de dictada la providencia o sentencia interlocutoria y de anotada la misma en el libro de actas de la corte o de archivada en la secretaría.” (Enfasis suplido.) Art. 295 del Código de Enjuiciamiento de 1904.

 El Art. 292 del Código de Enjuiciamiento Civil estuvo vigente hasta 1958, ya que las Reglas de Procedimiento Civil no dispusieron nada sobre las mociones de reconsideración y los términos para apelar. Véanse: López Rivera v. Autoridad Fuentes Fluviales, 89 D.P.R. 414 (1963); A.L. Tapia Flores, Poder de los tribunales para reconsiderar sus sentencias y resoluciones, 28 Rev. C. Abo. P.R. 139, 141 (1967).

 La Regla 47 de Procedimiento Civil de 1958 disponía:
“La parte agraviada por la sentencia o por una resolución podrá, dentro del término de 15 días desde la fecha del archivo en los autos de una copia de la notificación de la sentencia, o dentro del término de 5 días desde la fecha del archivo en los autos de una copia de la notificación de haberse dictado la resolución, presentar una moción de reconsideración de la sentencia o resolución. El tribunal, dentro de los 5 días de haberse presentado dicha moción, deberá rechazarla de plano o señalar vista para oír a las partes. Si la rechazare de plano, el término para apelar se considerará como que nunca fue interrumpido. Si señalare vista para oír a las partes, el término para apelar empezará a contarse desde la fecha en que se archiva en los autos una copia de la notificación de la resolución del tribunal resolviendo definitivamente la moción. Si el tribunal dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los 5 días de haber sido presentada, se entenderá que la misma ha sido rechazada de plano.” (Enfasis suplido.)