## AGENJO et al. v. AGENJO et al.

(Circuit Court of Appeals, First Circuit. November 1, 1921.)

### No. 1414.

1. **Infants** ⬅34—**Power to authorize sale of property of minors exclusive in District Court of district where property situated.**

   Under Civ. Code Porto Rico, § 229, as it existed in 1910, power to authorize the sale of the property of minors was exclusive in the District Court of the judicial district where the property to be sold was situated, it being clear that the Legislative Assembly, when it adopted the Civil Code and the Code of Civil Procedure, intended to remove, from the operation of sections 76 and 77 of the latter, applications for authorization to sell the real estate of minors in view of Judicial Proceedings, tit. 5, §§ 80–82.

2. **Territories** ⬅20—**Porto Rico has power to reject provisions of Spanish Civil Code.**

   It was within the undoubted power of the Legislative Assembly of Porto Rico to adopt or reject any of the provisions of the Spanish Civil Code in force at the time the American Civil Code was adopted in 1902, under the Organic Act passed by the Congress of the United States for the island of Porto Rico and approved April 12, 1900, § 15 (Comp. St. § 3763).

Appeal from the Supreme Court of Porto Rico.

Action by Felix Fabian Agenjo and others against Juana Agenjo and others. From a judgment of the Supreme Court of Porto Rico reversing a judgment for plaintiffs, they appeal. Reversed and remanded.

Arturo Aponte, Jr., of Humacao, Porto Rico, for appellants.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., and Luis Munoz Morales, of San Juan, Porto Rico, on the brief), for appellees.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. [1] This case is here by appeal from a final judgment of the Supreme Court of Porto Rico. The question presented is whether, under section 229 of the Civil Code of Porto Rico, power to authorize the sale of the property of minors is exclusive in the District Court of the judicial district where the property to be sold is situated. This section, in 1910, when judicial authorization was given, was as follows:

"Sec. 229. The exercise of the patria potestas does not authorize the father or mother to alienate or burden real property which in any manner belongs to the child, and over which either of them may have the administration, ex-

---

cept after securing judicial authorization, which shall be accorded by the District Court of the judicial district where said property is situated, upon proof being furnished as to the necessity or utility of such transfer or burden."

The Civil Code, of which this forms a part, took effect in Porto Rico on July 1, 1902, superseding on that date the Spanish Civil Code.

The facts briefly stated are these: The plaintiffs, who were minors, at the death of their father, a resident of Porto Rico, inherited from him certain real estate situated within the judicial district of Humacao, on the island of Porto Rico. In September, 1910, their mother, in the exercise of patria potestas, filed a petition in the District Court of San Juan, asking for authority to convey the minors' interests in this real estate. Authorization was granted and by virtue of the same the real estate of the minors was conveyed.

Through a guardian ad litem an action was brought to adjudge the conveyance null and void and to decree that the party in possession by virtue of the said sale deliver same up to the plaintiffs free of incumbrance and account for rents and profits. There was a judgment for the plaintiffs in the District Court, but the Supreme Court of Porto Rico reversed this and dismissed the complaint. It based its decision upon its interpretation of sections 76 and 77 of the Code of Civil Procedure of Porto Rico, which are as follows:

"Sec. 76. In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties may have agreed to submit the suit to decision of court.

"Sec. 77. The submission shall be understood to be made:

"(1). By the written agreement of the parties.

"(2). By the plaintiff through the mere act of applying to the court and filing the complaint.

"(3). By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court."

The Code of Civil Procedure went into effect in Porto Rico on July 1, 1904, and the Supreme Court of Porto Rico, construing the above sections in connection with articles 56, 57, and 58 of the Spanish Code of Civil Procedure, and article 164 of the Spanish Civil Code, formerly in force in Porto Rico, and also decisions of the Supreme Court of Spain and of its General Directorate of Registries, in regard to analogous provisions of Spanish law, has held that, notwithstanding the express provision of section 229 of the Civil Code, authorization for the sale of real estate of minors can be granted by the court of any district on the island of Porto Rico, provided the judge thereof exercises civil jurisdiction and is competent to have cognizance of questions similar to and of the same kind as the one submitted.

We cannot assent to this view. Whatever may have been the law and practice under the Spanish Civil Code, it is evident that, when the Legislative Assembly of Porto Rico enacted section 229 of the Civil Code, it intended to confine the authorization for the sale of real estate of minors to the District Court for the district in which the property is situated. We are confirmed in this view by the fact that the Legislative Assembly, in 1907, made an amendment which in clear and unambiguous language makes certain that this was its intent. The

act, as it was first adopted, contained a provision that the authorization should be given by the District Court of the domicile of the minors; but in 1907 it was amended so that the exercise of the patria potestas would not authorize the father or mother to alienate property belonging to the child, except after securing judicial authorization "which shall be accorded by the District Court of the judicial district where said property is situated." Although this section was again amended in 1911, this particular provision was not changed.

We have held in Martorell y Torrens et al. v. J. Ochoa y Hermano et al., 275 Fed. 99, that under the old Spanish Codes the law of voluntary submission, whereby a suitor may choose his forum, did not apply to applications of parents in exercise of patria potestas to sell the real estate of minor children, and that authorization for the sale of their real estate must be granted by the District Court of the domicile of the minors in accordance with article 164 of the Spanish Civil Code.

It therefore follows that articles 76 and 77, which are analogous to articles 56 and 58 of the old Spanish Code, must receive the same interpretation, although we do not find in the Code of Civil Procedure in force in 1907 any provision similar to that contained in section 71 of the old Spanish Code, which expressly exempts from the operation of the articles relating to submission, cases which are specifically covered by other Code provisions.

We think it clear that the Legislative Assembly of Porto Rico, when it adopted the present Civil Code and the Code of Civil Procedure, intended to remove from the operation of sections 76 and 77 of the latter, applications for authorization to sell the real estate of minors.

The amendment of section 229, made in 1907, designating the District Court of the district in which the land is situated as the court to make the authorization instead of the place of the domicile of the minors, evinces a purpose to have the important matter of the alienation of a minor's property passed upon by a court which would possess, or could easily obtain, knowledge of its value. It might authorize a sale at public auction, and, if this be done, the sale is to be had in the presence of and under the direction of the marshal of the district after "publication of the corresponding edicts in the customary places and in a newspaper having a circulation in the district." Judicial Proceedings, title 5, § 82. The only reasonable interpretation to be placed upon sections 80, 81, and 82 of this title is that all the proceedings are to be had in the district where the land is situated.

Section 229 was again amended in 1911 (Laws 1911, p. 118), and made to extend to the alienation or incumbrance of personal property above the value of $500, and making the authorization of the District Court wherein the property is situate necessary.

The Legislative Assembly conferred upon the parent power to alienate the property of a minor under patria potestas, after obtaining authorization in a certain manner, which cannot be departed from.

By the Organic Act, passed by the Congress of the United States for the island of Porto Rico and approved April 12, 1900 (31 Stat. 77 [Comp. St. § 3747 et seq.]), the laws then in force in Porto Rico were continued in force; but section 15 (Comp. St. § 3763) provides:

"That the legislative authority hereinafter provided shall have power by due enactment to amend, alter, modify, or repeal any law or ordinance, civil or criminal, continued in force by this act, as it may from time to time see fit."

[2] It was within the undoubted power of the Legislative Assembly of Porto Rico to adopt or reject any of the provisions of the Spanish Civil Code in force at the time the American Civil Code was adopted in 1902; and if, in the exercise of a wise public policy, it provided in clear and unambiguous language that judicial authorization for the sale of land of minors could only be given by the court of the district in which the land is situated and where knowledge of its value could be most easily obtained and the interests of the minors most safely guarded, this cannot be overridden by judicial interpretation. We think not only that the language is clear, but, also, looking at the history of the act and the amendments made to it, that it clearly expresses the legislative intent.

The judgment of the Supreme Court of Porto Rico is reversed, with costs in this court to the appellants, and the case is remanded to that court for further proceedings not inconsistent with this opinion.