## DIAZ, IN HIS OWN RIGHT, ETC., ET AL. *v.* CARLOTA AND CLEMENTINA GONZALEZ Y LUGO, ETC., ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIRST CIRCUIT.

No. 263. · Argued January 24, 1923.—Decided February 19, 1923.

1. Power to authorize a parent to sell the interest of a minor child in land in Porto Rico, is not limited by the Porto Rican Civil Code, § 229 as amended in 1907, to the District Court of the Judicial District in which the property is situated, but may be exercised, under §§ 76 and 77 of the Code of Civ. Proc. 1904, by the court of another District to which the *ex parte* application is submitted. P. 103.
2. An interpretation of law which has become a rule of property, accepted by the practise of a community, should not be disturbed unless certainly wrong. P. 105.
3. Peculiar deference is due from this Court to the views of local matters taken by courts which, like the courts of Porto Rico, have inherited and been brought up in a different system of law to that which prevails here. P. 105.
276 Fed. 108, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals reversing one by the Supreme Court of Porto Rico in favor of the present respondents in their suit to set aside a sale of land.

*Mr. Cornelius C. Webster,* with whom *Mr. Jose R. F. Savage* was on the brief, for petitioners.

*Mr. Jose A. Poventud,* with whom *Mr. Frederick S. Tyler* and *Mr. Frank Antonsanti* were on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit brought by the respondents to establish the nullity of a sale of their land while they were all minors. The Supreme Court of Porto Rico upheld the sale and ordered the complaint to be dismissed, 27 P. R. 364; but the judgment was reversed by the Circuit Court of Appeals, 276 Fed. 108, following another decision made by it at the same term. *Agenjo* v. *Agenjo,* 276 Fed. 105. Thereupon a writ of certiorari was granted by this Court.

The father of the respondents (plaintiffs) died in 1904, owning the land in question, and the title passed to his widow and his children, the plaintiffs. The land is in the judicial district of Humacao. In 1908 the widow obtained authority to make the sale from the District Court of the judicial district of San Juan and the sale was made. This suit proceeds on the ground that only the Court of the judicial district where the land was situated had power to authorize the sale of the minors' interest in the land.

The argument that prevailed with the Circuit Court of Appeals is forcible and perhaps might prevail with us if we looked at the face of the statutes invoked, without more. By § 229 of the Civil Code of Porto Rico, as amended by an Act of March 14, 1907, Laws of 1907,

p. 284, " The exercise of the *patria potestas* does not authorize the father or mother to alienate or burden real property which in any manner belongs to the child, and over which either of them have the administration, except after securing judicial authorization, which shall be accorded by the District Court of the Judicial District where said property is situated, upon proof being furnished as to the necessity or utility of such transfer or burden." This naturally enough is taken to mean that the Court of that district alone can give the authority required. The interpretation gains further force when it is known that this section of the Civil Code of 1902 originally gave the power to the District Court of the minors' domicile and that it was amended to its present form in 1907, with a provision, in case of a sale by auction, for a publication in a newspaper having a circulation in the district. It certainly is not unnatural to read the quoted section as excluding the application of the more general §§ 76 and 77 of the Code of Civil Procedure, 1904, by which, (76,) " In accordance with its jurisdiction, a court shall have cognizance of the suits to which the maintenance of all kinds of actions may give rise, when the parties have agreed to submit the suit to decision of court." (77) " The submission shall be understood to be made: 1. By the written agreement of the parties. 2. By the plaintiff through the mere act of applying to the court and filing the complaint. 3. By the defendant when, after his appearance in court, he takes any step other than to request that the trial be held in the proper court."

One might doubt even whether the last cited sections apply to any *ex parte* proceedings. The respondents made the most of the doubt. But those sections embody earlier law and practise and we accept the conclusion of the Supreme Court that they have been taken to extend to such cases. *Martorell* v. *Ochoa*, 26 P. R. 625. *Agenjo* v. *Santiago Rosa*, 26 P. R. 648. The most forcible objec-

tion is that which we have stated; that a special law definitely applicable limits general expressions in other laws that otherwise might be sufficient. We will not repeat the argument quoted from Manresa and Scaevola that jurisdiction is a matter of adjective law and that the general provisions with regard to it are not repealed by a repeal of the substantive law or change in the Civil Code. 26 P. R. 631, 632. We will do no more than note Manresa's conclusion that although it would be more prudent to apply to the Judge specially designated, any Judge having jurisdiction of this class of cases is made competent by the submission implied from invoking his action. The distinction taken seems to be similar to that which we take between jurisdiction and venue. *Martorell* v. *Ochoa,* 25 P. R. 707, 729. A mistake as to the latter is waived by submission, *Lee* v. *Chesapeake & Ohio Ry. Co.,* 260 U. S. 653, and in the Porto Rican law an *ex parte* application is an adequate submission. This is a perfectly intelligible view, and when we are assured by the Supreme Court that it long has been taken, 25 P. R. 729; 26 P. R. 634; interrupted only by a momentary obstruction caused perhaps by accepting too broadly and absolutely an expression in *Garzot* v. *De Rubio,* 209 U. S. 283, 303, we see no reason for not taking it here. The fact alleged that this interpretation of the law has become a rule of property, 25 P. R. 730, is very important and is not weakened by there being only a small number of decisions on the point. If it has been accepted by the practise of the community it should not be disturbed except upon an unescapable conclusion that it is wrong.

This Court has stated many times the deference due to the understanding of the local courts upon matters of purely local concern. It is enough to cite *De Villanueva* v. *Villanueva,* 239 U. S. 293, 299. *Nadal* v. *May,* 233 U. S. 447, 454. This is especially true in dealing with the decisions of a Court inheriting and brought up in a differ-

ent system from that which prevails here. When we contemplate such a system from the outside it seems like a wall of stone, every part even with all the others, except so far as our own local education may lead us to see subordinations to which we are accustomed. But to one brought up within it, varying emphasis, tacit assumptions, unwritten practices, a thousand influences gained only from life, may give to the different parts wholly new values that logic and grammar never could have got from the books. In this case a slight difference in the caution felt in dealing with the interest of minors (*Baerga* v. *Registrar of Humacao,* 29 P. R. 440, 442,) and a slight change of emphasis in the reading of statutes, explain the divergence between the Supreme Court and the Circuit Court of Appeals. Our appellate jurisdiction is not given for the purpose of remodelling the Spanish American law according to common law conceptions except so far as that law has to bend to the expressed will of the United States. The importance that we attribute to these considerations led to our granting the writ of certiorari and requires us to reverse the judgment below.

*Judgment of Circuit Court of Appeals reversed: Judgment of Supreme Court of Porto Rico affirmed.*