PEÑA ET AL., PETICIONARIOS, *v.* LA CORTE DE DISTRITO DE SAN JUAN, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de San Juan, Primer Distrito, Hon. Charles E. Foote, Juez.

No. 439.—Resuelto en marzo 31, 1924.

ADOPCIÓN—APROBACIÓN JUDICIAL DE LA ESCRITURA DE ADOPCIÓN—INVESTIGACIÓN DE LA INTENCIÓN DEL ADOPTANTE DESPUÉS DE SU MUERTE.—La corte de distrito tiene jurisdicción para resolver en cuanto a la aprobación judicial de una escritura de adopción sometida por los adoptados después de la muerte del adoptante, la cual no obsta para que la corte investigue, haciendo uso de la discreción que le concede el artículo 209 del Código Civil, sobre la verdadera intención del adoptante al tiempo de la adopción.

Los hechos están expresados en la opinión.

Abogados de los peticionarios: *Sres. L. Campillo, R. Martínez Nadal* y *J. Martínez Dávila.*

Abogado del demandado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El día 6 de junio de 1921 Manuel Falú y Benítez otorgó una escritura formal en la cual adoptó como hijos suyos a los peticionarios en este recurso de *certiorari*. El documento no fue presentado para su aprobación a ninguna corte durante la vida de Manuel Falú, quien falleció en el mes de noviembre de 1923.

El 17 de diciembre de 1923 dichos peticionarios presentaron una moción a la Corte de Distrito de San Juan, Primer Distrito, interesando la aprobación de la corte de la referida escritura de adopción de junio 6 de 1921. En 19 de diciembre de 1923 dicha corte se negó a aprobar la expresada escritura.

Alegan los peticionarios que ellos han iniciado procedimientos que afectan a la propiedad del difunto y que por ello habían recurrido a este remedio extraordinario. Creemos que esta es una razón suficiente para invocar la jurisdicción original de esta corte a fin de revisar los procedimientos de la corte inferior.

El artículo 209 del Código Civil prescribe lo siguiente:

"Art. 209. La adopción se verificará por escritura pública, expresando en ella las condiciones con que se haya hecho, y se inscribirá en el Registro Civil correspondiente, después de haberla aprobado el tribunal de distrito."

La teoría de la corte era que después del fallecimiento del pretendido adoptante no existe ninguna posibilidad para hacer una investigación de su verdadera voluntad e intención. La corte fué también de opinión de que el alegado adoptante era la única persona que podía invocar la jurisdicción y aprobación de la corte; que pudo haber habido un abandono de tal intención. La corte asimismo resolvió que tenía jurisdicción no sólo sobre las personas adoptadas sino también sobre el alegado adoptante.

Convenimos enteramente con la corte inferior en que la aprobación a que se refiere el artículo 209 no es una función meramente ministerial sino que envuelve el ejercicio de la acción o discreción judicial. No podemos convenir, sin embargo, en que la muerte del alegado adoptante hace imposible el ejercicio de la acción o investigación judicial.

En este caso el pretendido adoptante era un viejo de 78 años de edad. Fácilmente puede verse que a esa avanzada edad la corte podría desear investigar si la alegada escritura era un verdadero reflejo de la voluntad del adoptante y que no había habido fraude o influencia indebida puestos en práctica. Tal investigación resulta más difícil por razón de la muerte, pero no es una cosa imposible. El Código Civil Español ni siquiera tuvo tanto en cuenta. El artículo 178 del referido Código prescribe lo siguiente:

"Artículo 178. La adopción se verificará con autorización judicial, debiendo constar necesariamente el consentimiento del adoptado, si es mayor de edad, si es menor, el de las personas que debieran darlo para su casamiento; y si está incapacitado, el de su tutor. Se oirá sobre el asunto al Ministerio fiscal, y el juez, previas las diligencias que estime necesarias, aprobará la adopción, si está ajustada a la ley y la cree conveniente al adoptado."

La Legislatura española consideraba solamente el interés de los hijos adoptados. No sabemos qué fue lo que impulsó a la Legislatura portorriqueña a hacer un cambio. El artículo 211 de nuestro Código Civil contiene esta disposición:

"Artículo 211. Se prohibe la adopción a los que tengan hijos legítimos o legitimados, y a los tutores respecto de sus pupilos, mientras no hayan rendido las cuentas de la tutela."

Ahora bien, puede ser que este sea un caso de *"expressio unius"* y que la corte voluntariamente no deba hacer ninguna otra investigación. No es necesario que consideremos esa cuestión. Sin embargo, ciertamente que nada de

lo contenido en el artículo 211 se excluye de la investigación debido a la muerte del alegado adoptante.

Como sugieren los peticionarios la corte inferior tiene amplios medios de investigación y puede, de ser necesario, obtener la ayuda del fiscal.

La buena fe siempre se presume. Aquí Manuel Falú dió expresión a su voluntad e intención en una escritura solemne y esto fue *prima facie* una completa expresión. Era una adopción iniciada sujeta a la aprobación de la corte. La corte actúa como *parens patria* en favor de los hijos. Hará todo lo necesario para proteger su derecho a falta de fraude o algo semejante. Sin embargo, en cuanto al adoptante existe un acto terminado y una legitimación completa de los hijos. Nada encontramos en la ley en oposición a esto y no vemos ninguna razón para sostener lo contrario.

Las personas cuya adopción se propuso son partes en la escritura de adopción. Si son menores de edad no pueden consentir por sí, pero la corte puede consentir por ellas sujetas, al llegar a su mayor edad, al derecho de repudiación especificado en el artículo 210 del Código Civil. Como los peticionarios tenían derechos incoados por virtud de las escrituras, tenían el derecho, según sostenemos, a pedir su consumación.

En cuanto a la jurisdicción. La petición es verdad que demuestra que todos los hijos con excepción de uno son adultos y residentes de Río Piedras. El último es un menor la madre del cual reside en San Juan, y es de presumirse que el hijo también. Por tanto la corte tenía jurisdicción sobre el hijo menor de edad y siendo los demás adultos podían someterse. Véase por analogía si es que no tiene aplicación directamente el caso de *González v. Benítez,* 27 D. P. R. 394, resuelto por la Corte Suprema de los Estados Unidos 261 U. S. 102.

La resolución apelada debe anularse y devolverse el caso

para ulteriores procedimientos que no sean incompatibles con esta opinión.

*Anulada la resolución apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.