## REYES v. LA CAPITAL DE PUERTO RICO.

### No. 3365.

Circuit Court of Appeals, First Circuit.
Aug. 2, 1939.

Oscar B. Frazer, of New York City, for appellant.

J. Valldejuli Rodriguez and Bolivar Pagan, both of San Juan, P. R., for appellee.

Before WILSON, Circuit Judge, and MORTON and PETERS, District Judges.

PETERS, District Judge.

This is an appeal from a judgment of the Supreme Court of Puerto Rico affirming a judgment of the District Court of San Juan rendered in favor of the Capital of Puerto Rico in an action brought against it by Andres Quintana Reyes, the appellant herein, to recover a parcel of land in San Juan purchased by that municipality in 1925 and 1926, and upon which, in 1927, it erected a school building, which has been used as such ever since.

For some unknown reason the municipality failed to file its deeds for record until 1933, when it found that it could not obtain a recorded title by reason of the fact that the same property had been previously registered in the name of the plaintiff, appellant.

It seems that the municipality had bought the property and obtained its deeds from one Luis de la Cruz and his wife, to whose ownership the plaintiff also traced his title through a deed from one Cipriano Manrique Gil, who had levied a judgment against the same de la Cruz.

In the suit brought against it, the city filed a counterclaim on various grounds and asked that the record title in the name of the plaintiff, Reyes, be cancelled and the property recorded in the name of the city of San Juan. The judgment of the District Court dismissing the complaint and sustaining the cross-complaint was sustained by the Supreme Court of Puerto Rico. Both courts found that the judgment creditor, Manrique, before he attached in his suit against de la Cruz, and the plaintiff, Reyes, before he purchased the right, title and interest of Manrique, had full and accurate information of the previous sale of the property to the city. Not only had de la Cruz explained to both that he had sold the property to the city but there was a large and expensive school building on the land for everyone to see. The comparatively small sums for which the judgment was levied and the lands sold by the creditor to Quintana Reyes is also indicative of the full knowledge of the situation on their part. It is obvious that, as stated by Judge Wolf, in his opinion for the Supreme Court of Puerto Rico that "Fundamentally and essentially this case involves the construction of Section 1362 of the Civil Code (1930 ed.) as follows:

"'If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property.

"'Should it be real property, it shall belong to the person acquiring it who first recorded it in the registry.

"'Should there be no entry, the property shall belong to the person who first took possession of it in good faith, and, in the absence thereof, to the person who presents the oldest title, provided there is good faith.'"

The Supreme Court carefully considered and interpreted the local statute and decided the question raised according to the local decisions and authorities. It held, with apparent justification, that "One must give due regard to the question of good or bad faith and that one who buys with knowledge of a prior outstanding sale and title in another cannot defeat him by getting a deed and recording before that other."

We can find no reason for disturbing the conclusions of the Supreme Court of Puerto Rico in such a matter of local concern and we recognize the deference due to its understanding of such matters. Diaz v. Gonzalez, 261 U.S. 102, 43 S.Ct. 286, 67 L.Ed. 550; Nadal v. May, 233 U.S. 447, 34 S.Ct. 611, 58 L.Ed. 1040.

The findings of fact of the Supreme Court of Puerto Rico supported by evidence will be adopted by the Circuit Court of Appeals. Morales v. Velez, 1 Cir., 18 F.2d 519.

The action of the Supreme Court of Puerto Rico on the motion for reconsideration is subject to the same considerations.

The judgment will be:

The judgment of the Supreme Court of Puerto Rico is affirmed with costs.