## SOSA–MILLAN et al. v. SOSA–ESCOBAR et al.

### No. 4139.

Circuit Court of Appeals, First Circuit.

April 17, 1946.

R. Arjona Siaca, R. H. Blondet, and Arturo Ortiz Toro, all of San Juan, Puerto Rico, for appellants.

Gabriel de la Haba, H. Torres Sola, Frank Martinez, and Adolfo Valdes, all of San Juan, Puerto Rico, for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

The two appellants herein were legally adopted children of Manuel Sosa-Oliva, de-ceased. They filed their complaint in the District Court for the Judicial District of San Juan, Puerto Rico, praying that the institution of heirs in the will of Manuel Sosa-Oliva be declared null and for other relief. Joined as defendants were the heirs designated in the will (two acknowledged natural children of the testator), the legatees, and various other persons who were in some way connected with, or in possession of, the properties of the estate, or who had acquired real rights to said properties. Plaintiffs' case was based upon their alleged status as forced heirs under the provision of the Civil Code of Puerto Rico.

After a trial on the merits, the district court entered judgment dismissing the complaint as to all the defendants. Upon appeal to the Supreme Court of Puerto Rico, said judgment was affirmed by an equally divided court (2-2). A further appeal was then taken to this court pursuant to 28 U.S.C.A. § 225.

Certain of the appellees have filed motions for affirmance under our Rule 39 (b) on the ground that the case turns purely on questions of local property law and that the judgment below is not "inescapably wrong" or "patently erroneous." Appellants, it is true, have sought to base their appeal in part upon a federal ground, alleging that the will and the judgments below of the insular courts have deprived them of their property without due process of law. This claim is specious, for if appellants as adopted children do not have the status of forced heirs under the provisions of the Civil Code of Puerto Rico as applied to the facts herein—that is, if under the Code they do not have reserved to them a legal portion of the estate which the testator cannot otherwise dispose of—then they have not been deprived of any rights. The decisive question is, therefore, one of local law.

We have given careful consideration to the motions for affirmance, in accordance with our practice as described in Buscaglia v. Liggett & Myers Tobacco Co., Inc., 1 Cir., 1945, 149 F.2d 493, 496, footnote 3.

What has given us some pause in the matter is this query: whether the rule which has been laid down for our guidance by the Supreme Court of the United States, namely, that we must not reverse a judgment of the Supreme Court of Puerto Rico upon such a local matter as the interpretation of an act of the insular legislature unless the decision is "inescapably wrong" or

"patently erroneous," applies in a case like the present, where the judgment of the Supreme Court of Puerto Rico is by an equally divided court.

In De Castro v. Board of Commissioners, 1 Cir., 1943, 136 F.2d 419, we frankly set forth our difficulties with the "inescapably wrong" rule in its effect on our statutory jurisdiction. Upon certiorari in that case, 1944, 322 U.S. 451, 64 S.Ct. 1121, 88 L.Ed. 1384, the Supreme Court fully and carefully reexamined the rule, and reaffirmed the same, after explaining its history and the reasons of policy which led to its formulation. It is therefore our plain duty to govern ourselves by the rule, not grudgingly, but in full recognition of the implications fairly to be derived from the reasons of policy so declared. Mr. Chief Justice Stone explained (322 U.S. at pages 454, 455, 64 S.Ct. at page 1123, 88 L.Ed. 1384) that the rule had been adopted "to insure a review by the federal courts of decisions of the local courts of our insular possessions in matters of peculiarly local concern which should leave appropriate scope for the development by those courts of a system of law which, differing from our own in its origins and principles, would nevertheless be suitable to local customs and needs."

In the present case, on the issue whether adopted children have the status of forced heirs under the Civil Code, two elaborate and able, but contradictory, opinions were filed in the court below. The question at issue involves a reconciliation of half a dozen or more somewhat confusing provisions of the Civil Code, some of which were drawn, in whole or in part, from the Spanish Civil Code, and some, in whole or in part, from the Civil Code of Louisiana. As was truly observed by one of the judges below, the code provisions as a whole present "an incongruent mixture of two opposing tendencies." We are satisfied from an examination of the conflicting arguments that the relevant provisions of the code yield no clear and inescapable meaning, and that if either of the opinions filed in the court below had been the prevailing one, we should have been obliged to accept it. ·

Because of the equal division, the Supreme Court of Puerto Rico perforce entered a judgment affirming the judgment of the district court. In such circumstances it might conceivably be our duty, notwithstanding the "inescapably wrong" rule, to decide the point of local law in accordance with our own independent view as an original question in this court. If we did this, it could hardly be said that we would be lacking in "the deference due to the understanding of the local courts upon matters of purely local concern" (Diaz v. Gonzalez, 261 U.S. 102, 105, 43 S.Ct. 286, 287, 67 L. Ed. 550)—for the unfortunate fact is that the court below had no collective understanding upon the point of local law now at issue.

But consistently with the policy declared in the De Castro case, supra, the job of harmonizing the various provisions of the Civil Code dealing with inheritance belongs primarily to the Supreme Court of Puerto Rico, not to the appellate federal courts. If we should in this case decide, in accordance with our own independent view, that adopted children have, or have not, the status of forced heirs as against acknowledged natural children, it would seem that our decision would become a binding precedent crystallizing the law on this matter of peculiarly local concern.

A second possibility would be for us to affirm on the ground that we could not say that the actual judgment entered in the court below was inescapably wrong. Such action by us, since it would not be predicated upon an independent ruling by this court on the issue of local law involved, would not fetter the Supreme Court of Puerto Rico, which would be left free in subsequent cases to develop its interpretation of the local code on this and related points, if necessary with the participation of the fifth member of the court. The objection to this disposition of the case is that it would deny to the present litigants an authoritative decision on the disputed question of law. It would leave in effect the judgment of the insular district court. Curiously enough, that judgment was based upon a misreading of Ex parte Ortiz, 1931, 42 P.R.R. 339, as apparently all four of the justices of the Supreme Court of Puerto Rico agreed. The two who thought the judgment of the district court should be affirmed expressed the view that Ex parte Ortiz should be overruled, whereas the two who were in favor of reversing the judgment of the district court thought the decision in Ex parte Ortiz should be adhered to. Under the circumstances, it would be a particularly unsatisfactory disposition of the present litigation for us to affirm the judgment below on the ground that it was not "inescapably wrong."

When the judgment below was entered, a vacancy existed in the Supreme Court of Puerto Rico. That vacancy has since been filled, and the court now has its full complement of five justices. The way is now clear for an authoritative decision by that court on the questions of local law involved in this case. Therefore the sensible way out of the dilemma with which we are faced is for us to vacate the judgment and to remand the case to the court below for reconsideration by its full bench.

The judgment of the Supreme Court of Puerto Rico is vacated and the case is remanded to that court for reconsideration by it of all the issues presented.