EX PARTE HIPÓLITO MONTALVO GONZÁLEZ, Petitioner and Appellant.

No. 10031.   Argued November 7, 1949.—Decided November 8, 1949.

438

*Frank Torres* for appellant. *Vicente Géigel Polanco, Attorney General, (José C. Aponte, Acting Attorney General,* on the brief). *J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for The People.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Several months after having been appointed guardian of the incapacitated veteran Julio Montalvo González, and having furnished bond and taken the corresponding oath as well as possession of his office, Hipólito Montalvo González, in his above-mentioned capacity, filed in the District Court of Ponce a petition praying for authorization to invest the sum of $700 deposited in Banco de Ponce in the name of his ward. He alleged, in short, that the incapacitated veteran and his wife needed said sum to complete the first instalment to be paid to the vendors of a real property located in Caparra Heights Development of the Municipality of Río Piedras, "all this as appears from the transaction contained in the private contract of sale and assignment of rights and actions which appears fully set forth in the private document dated March 10, 1949, at San Juan, Puerto Rico"; that from that sum, $650 would be paid to the vendors and the remainder would be used to pay attorney's fees; and that the investment is

clearly useful and necessary for the well-being of the incapacitated person, since it laid the foundation for the acquisition of a good home at a total cost of $11,000, more or less, and that said sum could be fully and conveniently paid by the incapacitated veteran and his wife in a period of 20 years, more or less.

After the proper hearing was held with the intervention of the district attorney, the lower court denied the petition and from the judgment rendered the petitioner has appealed.

In appellant's opinion the lower court committed manifest error (1) in denying the petition; (2) in interpreting the specific terms of the preliminary contract entered into between the incapacitated veteran and his wife, through the former's guardian; (3) in concluding that such preliminary contract "was a contract already perfected and in force"; (4) in applying the doctrine of *F. Zayas, S. en C.* v. *Torres,* 51 P.R.R. 772;[1] and (5) in refusing jurisdiction to take cognizance of the case after having rendered judgment thereon.

██ It is unnecessary for us to discuss separately each one of the errors assigned. It is sufficient to state that in our opinion the judgment rendered should be sustained. We have repeatedly held that the appeal is taken from the judgment and not from the grounds thereof. *Rosario* v. *Suárez,* 67 P.R.R. 552, 555, and cases cited therein. So that even conceding for the sake of argument that all or some of the grounds which served as a basis to the opinion of the lower court are mistaken, they are no obstacle for affirming the judgment, if the conclusion reached by it were correct.

██ The record shows that on March 10, 1949, the spouses Manuel Betancourt Rodríguez and María Antonieta Otero, as party of the first part, and the spouses Cándida

---

[1] In that case it was held, among other things, that obligations contracted in the name of certain minors without the previous judicial authorization can not be ratified by a judicial approval granted *a posteriori.*

Doelter and Julio Montalvo González, the latter represented by his guardian Hipólito Montalvo González, as parties of the second part, subscribed before a public notary a "Contract of Sale and Assignment of Rights and Actions" in connection with the property described in the petition wherein authorization is prayed to invest the above-mentioned $700 of the incapacitated veteran; that according to that contract the spouses Betancourt-Otero sold, assigned, and conveyed said property to the other appearing parties for the price of $1,500; that from said amount the vendors received at the execution of the contract the sum of $850 and that the purchasers bound themselves to pay the remaining $650 *within a month, more or less. . . and, as soon as the District Court of Ponce authorizes the disbursement or investment of the funds which belong to Julio Montalvo González, and are managed by his legal guardian Hipólito Montalvo González,* it also being made clear that if for any reason whatsoever the court does not authorize the disbursement of said funds for the payment of the remainder, the appearing purchaser Cándida Doelter will take the pertinent steps to pay said remainder for the purpose of complying in full with each and all of the terms of the present contract"; (Italics ours) the purchasers also binding themselves to pay two mortgages which encumbered the property, the first of them in favor of the Federal Housing Authority for $7,800, with interest thereon at 4 per cent (at the time of the execution of the private contract said sum was reduced to $7,518.89) and the second, in favor of the Borinquen Home Corporation for $1,263, with interest thereon at 6 per cent per annum, as well as "to comply with all the obligations and terms incumbent on the purchasers. . . as appears from the deed of sale . . ." and "to obtain the consent of the senior and junior mortgage creditors." The record shows that the property, the object of the preliminary contract, was acquired by the vendors on

February 14, 1948, that is, 13 months before, at $9,950 and that in accordance with the ninth clause of the deed of the second mortgage subscribed by them "the 'mortgage debtors' can not transfer their obligation to pay or the mortgage securing the same, to another person without the express consent in writing of the 'mortgage creditor,' it being understood that if it is so done the 'mortgage creditor' may consider the mortgage as due and proceed to foreclose it by mortgage proceedings or by an action of debt, as deemed to her best interests." It also appears from the record that at the date the petition for utility and necessity in favor of the incapacitated person was filed in the District Court of Ponce, the vendor spouses Betancourt-Otero, owed on the second mortgage as principal and interest thereon, the total amount of $295.67, that is, 14 monthly instalments due of $15 each, plus $85.67 as interest accrued from February 14, 1948 to April 1, 1949.

It is unquestionable that in petitions of this sort the main question to be determined by a court is whether the transaction is useful and necessary and, therefore, beneficial to the incapacitated person. To reach such conclusion the court is fully justified in considering all the details of the transaction to be carried out. The case at bar constitutes no exception. Therefore, in order to be able to determine whether the investment of the $700 in the manner sought is useful, necessary, and beneficial to the incapacitated veteran, the court was fully justified in carefully investigating the whole transaction. In view of the evidence before it, the court could easily conclude that authorization was requested to invest the said amount in a real property to be acquired for the benefit of the incapacitated veteran and his wife and that in spite of this, there had never been requested, nor was it then requested, authorization to purchase said property, such

as is required by subdivision 5, § 212 of the Civil Code, 1930 ed.[2]

In addition to concluding that in harmony with the preliminary contract—if authorization was granted to invest the $700 above referred to—a recordable contract would be executed,[3] the court logically became aware that the property purchased would be encumbered by two mortgages. Likewise, that the interests of the incapacitated veteran would be liable and bound for a good number of years for the total amount of the mortgages and until they were fully paid, without any authorization therefor having been ever, or at the time, requested.

On the other hand, the trial court could have likewise concluded, in the absence of evidence that the consent of the junior mortgage creditor had been obtained for the conveyance and sale of the property to the incapacitated veteran and his wife, that there was the possibility that once the alienation was effected the new purchasers would have no success in obtaining such authorization and that in that case an action would be brought which would undoubtedly cause expenses, inconveniences, and difficulties to the incapacitated veteran.

Finally, inasmuch as the vendors owed a number of instalments already due, as well as interest thereon, on the property in question and nothing was stated in the petition of utility and necessity regarding the manner in which said debt would be paid, the lower court could also infer that the junior mortgage creditor could foreclose his credit and thus

---

[2] Section 212 of the Civil Code, 1930 ed., provides:

"The tutor shall require the authorization of the proper district court:

". . .

"5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person *or to make contracts or execute acts requiring recording* . . ." (Italics ours.)

[3] See Manresa, *Comentarios al Código Civil Español*, vol. 2, 1944 ed., p. 434.

cause to the incapacitated veteran the damages which entail a litigation of this kind.

In view of all these circumstances, which were undoubtedly considered by the trial judge, it must be concluded that the district court, protecting the better interest of the incapacitated veteran, acted correctly in denying the petition filed by the guardian.

■■ In connection with the want of jurisdiction it must be admitted that it was an error of the lower court to incline itself to believe that it had none, as proceedings of this kind may be filed in any district court. *Díaz* v. *González*, 261 U. S. 102, 67 L. ed. 550; *Agenjo et al.* v. *Rosa et al.*, 26 P.R.R. 648; cf. *López* v. *District Court*, 68 P.R.R. 291, 293. However, as in spite of those statements it assumed jurisdiction and decided the petition on its merits, there is no reason whatsoever for us to reverse the judgment on that ground.

The judgment will be affirmed.