**S. Elliot POSTOL and M. Cameron Chesson, Plaintiffs,**

v.

**EL–AL ISRAEL AIRLINES, LTD., Defendant.**

No. 85 Civ. 9225 (DNE).

United States District Court, S.D. New York.

Aug. 10, 1988.

**1362**

Alfred E. Braun, New York City, for plaintiffs.

Condon & Forsyth, New York City (Lawrence Mentz, Sharon E. Jaffe, of counsel), for defendant.

## MEMORANDUM AND ORDER

EDELSTEIN, District Judge:

### BACKGROUND

This action was brought by plaintiffs S. Elliot Postol ("Postol") and M. Cameron Chesson ("Chesson") in the Supreme Court of the State of New York, County of New York. The case was thereafter removed to the Southern District of New York, on the ground that defendant, El Al, an airline wholly owned by the State of Israel, is a "foreign state" within the meaning of the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. § 1603.

Plaintiffs were originally passengers on an El Al flight departing John F. Kennedy International Airport in New York on August 15, 1985, arriving in Amsterdam, Holland. They travelled by automobile to Geneva, Switzerland where they had reservations to travel on an El Al flight from Geneva to Tel–Aviv, Israel on August 27, 1985. During the check-in process and security screening of plaintiffs' luggage, the lining of one piece of luggage was torn and, during inspection of its contents, certain articles in the luggage were allegedly lost. Plaintiffs subsequently boarded their flight and flew to Israel.

Upon their arrival in Israel, plaintiffs contacted El Al and complained about the damage to the luggage in Geneva. As a result of their complaints, plaintiffs claim that they were promised an upgrade in their reservations from economy to business class for the remainder of their flights on El Al. Further, the plaintiffs were offered use of the first class lounge at Ben Gurion Airport in Tel–Aviv, Israel before departure of their remaining flights from Tel Aviv.

Plaintiffs claim that they arrived early at Ben Gurion Airport on September 1, 1985 for an El Al flight from Tel–Aviv to Cairo, Egypt. After proceeding to a check-in counter, the plaintiffs allege that a heated exchange occurred between Postol and an El Al check in agent at the counter in Tel–Aviv. The check-in agent allegedly said: "I don't believe you're here for pleasure. You must be involved in counter-espionage work or something." Plaintiff Postol took a photograph of the agent, apparently for identification purposes. According to plaintiffs, the check-in agent said that she would report them to the police and walked away.

Plaintiffs subsequently were checked-in for the flight by another El Al employee and then proceeded to the passport control line. While standing on that line, plaintiffs were approached by security officers who plaintiffs allege were Israeli security

forces. Plaintiffs allegedly were detained for questioning in Israel for approximately three hours before being permitted to board the El Al flight.

As a result of these occurrences, plaintiffs, Postol and Chesson, have brought this suit against El Al alleging three claims for relief: (1) Plaintiff Postol alleges loss from and damage to his luggage in Switzerland and seeks payment of damages. (2) Postol alleges that he was defamed by a statement purportedly made by an El Al employee at the Ben Gurion airport. Postol seeks compensatory and punitive damages. (3) Plaintiffs, Postol and Chesson allege that they were wrongfully detained on the basis of false and defamatory information supplied by the defendant's employees, intentionally subjecting plaintiffs to emotional distress in Israel. Plaintiffs seek compensatory and punitive damages.

▇ The defendant, El Al, provides three alternative theories upon which this case should be dismissed. El Al argues: (1) that this court lacks subject matter jurisdiction over the defendant under the Foreign Sovereign Immunities Act; (2) that the act of state doctrine precludes an inquiry into El Al's conduct in this action; (3) alternatively, defendant seeks to have this action dismissed on the grounds of *forum non conveniens.* This court need not address the first two grounds for dismissal as it finds that the public and private interest factors set out by the Supreme Court in *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946), dictate a dismissal of this case under the doctrine of *forum non conveniens.*

### EXISTENCE OF AN ALTERNATIVE FORUM

A preliminary consideration necessary in a *forum non conveniens* motion is whether an alternative forum exists. "In all

cases in which [this] doctrine ... comes into play, it presupposes at least two forums in which the defendant is amenable to process; the doctrine furnishes criteria for choice between them." *Gulf Oil v. Gilbert,* 330 U.S. at 506–507, 67 S.Ct. at 842. In this case against El Al another forum does exist. The defendants may be sued in Israel. El Al is a corporation wholly owned by the State of Israel and amenable to process in an Israeli court.[1]

### PRIVATE AND PUBLIC INTEREST FACTORS

As another forum does exist, this court must look to the balancing factors of private and public interests set out in *Gulf Oil v. Gilbert.* In light of these factors, this court deems Israel a more appropriate forum than New York to hear this action.

Important considerations in the private interest of the litigant are as follows:

> the relative ease of access to sources of proof, availability for compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil, supra,* 330 U.S. at 508, 67 S.Ct. at 843.[2]

Public interest factors include: administrative difficulties due to handling litigation in congested centers instead of at its origin; holding a trial in view and in reach of those who are affected by it; a local interest in having localized controversies decided at home; and having trial in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law

---

1. In its pleadings, defendant, El Al, expressed its willingness to submit to the jurisdiction of the Israeli courts. *See* Defendant's Memo. at 28. The instant order of dismissal is contingent upon defendant in fact doing so, and waiving any defenses based on statutes of limitation.

2. The private interest factor dealing with a view of the premises is probably not applicable in this case. However, in the unlikely event that a viewing of the premises is necessary it would have to take place in Israel, or possibly Geneva, in which case this factor would strengthen the argument for dismissal.

foreign to itself. Id. at 508–09, 67 S.Ct. at 843.

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Id. at 508. Both the private and public interest factors in this case point strongly to the fact that New York is an inconvenient forum for litigating this action and toward a dismissal under the doctrine of *forum non conveniens*.

## PRIVATE INTEREST FACTORS

### A. *Ease of access to relevant sources favors Israel:*

Most of the relevant evidence in this case is located abroad, where the allegedly tortious conduct occurred. The plaintiffs complain of wrongful search and damage to the luggage in Geneva and defamation and wrongful detainment in Tel Aviv. All relevant records and products of investigation conducted would have to be obtained from abroad and probably translated. Further, this court may be limited in its ability to compel production of these documents from these foreign countries.

### B. *Attendance of willing and unwilling witnesses:*

The potential witnesses in this cause of action will also be mainly from Israel and Geneva. The expense of bringing over and accommodating willing witnesses would involve a disruption of at least three days work in addition to transportation and lodging costs, and may therefore be prohibitive.

■ An even greater obstacle is presented by unwilling witnesses who cannot be compelled to appear. For example, Israeli security forces, as foreign non-party witnesses, are not subject to the subpoena power of this court. *In re Union Carbide,* 634 F.Supp. 842 (S.D.N.Y.1986); *see Fitzgerald v. Texaco Inc.,* 521 F.2d 448, 451–52 (2d Cir.1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 781, 46 L.Ed.2d 781 (1976). Since vital foreign witnesses are not subject to the jurisdiction of this court, effective discovery would be difficult if not impossible.[3]

## PUBLIC INTEREST FACTORS

The public interest concerns affecting nonparties also point to Israel as the more appropriate forum for this litigation.

### A. *Israel has a strong interest in litigating this controversy.*

Security is a matter of primary and direct concern to Israeli citizens. Israel is responsible for regulating air carriers using Israeli airports to ensure the safety of its citizens. Israel is therefore in the best position to understand the extent of the measures needed for security and to insure that such measures and procedures are properly implemented. New York has little interest in defendant El Al's conduct abroad or in security and check-in procedures in use abroad.

In *In re Union Carbide,* 634 F.Supp. 842 (S.D.N.Y.1986), plaintiffs brought actions in the United States, relating to an accident that occurred in India. These actions were consolidated in the Southern District of New York and ultimately dismissed under *forum non conveniens.* In so ruling, the court declared: "It would be sadly paternalistic, if not misguided, of this court to attempt to evaluate the regulations and standards imposed in a foreign country." *Id.* at 864. Similarly, the controversy presented in the instant case is best left to an Israeli forum.

### B. *The administrative burden in New York would be great.*

■ Courts may validly protect their dockets from cases which arise within their jurisdiction, but which lack significant connection to it. *Pain v. United Technologies Corp.,* 637 F.2d 775, 791–92 (D.C.Cir.1980). Plaintiffs' trip originated and terminated in New York. Otherwise, all relevant events occurred either in Geneva or in Israel. The Southern District of New York is one of

---

**3.** El Al claims that the Israeli security officials are potential indemnifiers or third party defendants in this case. Therefore, allowing this litigation to go forward in New York would place an unduly heavy burden on El Al, since the foreign officials may be immune from suit in the United States by terms of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.; *see In re Union Carbide,* 634 F.Supp. at 859.

the busiest districts in the country. It would be an unfair burden on the court's resources to require it to ascertain and apply the relevant law in a case which bears only a minimal relation to this district. The administrative burden of this case should be on the jurisdiction that has the most significant contacts with the alleged occurrences.

C. *The lack of familiarity with the law of Israel which governs this action favors dismissal.*

*Gilbert* and *Piper Aircraft v. Reyno Co.*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), acknowledge that requiring an American court to apply foreign law supports dismissal on a ground of *forum non conveniens.* In the instant case, this court will have to discern and apply Israeli law. In *Conte v. Flota Mercante Del Estado*, 277 F.2d 664 (2d Cir.1960), Judge Friendly cautioned:

> [T]ry as we may to apply the foreign law as it comes to us through the lips of the experts, there is an inevitable hazard that, in those areas, perhaps interstitial but far from inconsequential, where we have no clear guides, our labors, moulded by our own habits of mind as they necessarily must be, may produce a result whose conformity with that of the foreign court may be greater in theory than it is in fact.

Id. at 667, (quoting *Diaz v. Gonzalez*, 261 U.S. 102, 43 S.Ct. 286, 67 L.Ed. 550 (1923) (Holmes, J.)).

Litigating this case in the Southern District of New York would be inconvenient and an inefficient use of the judicial resources of this court. In addition, it would deny Israel, the nation with courts most interested and best equipped to apply relevant law, any role in the decision of the case whatsoever.

Accordingly, defendant's motion to dismiss for *forum non conveniens* is granted.

SO ORDERED.